WILSON *v.* STATE, 42 Miss. R., 639.

### PASSING COUNTERFEIT MONEY.

In criminal cases the defendant cannot waive an arraignment, and he must plead in person to the indictment; he cannot plead by attorney; and where it is shown that the " defendant appeared by attorney and pleaded not guilty," the judgment will be arrested and the verdict set aside.

Error to Warren criminal court.  McGARR, J.

On the 1st of March, 1867, plaintiff in error was indicted for passing counterfeit money.  An *instanter capias* was issued, plaintiff in error arrested, and released on recognizance.  At the November term, 1867, of the court below, plaintiff in error appeared in open court, waived a formal arraignment by his attorney, and pleaded "not guilty" as charged in the bill of indictment.  At the November term, 1868 (there having been two mistrials previously), the plaintiff in error was tried and convicted.  A motion in arrest of judgment was made for the following reasons : First, because plaintiff in error was never arraigned, and could not, in person or by attorney, waive the same ; second, because plaintiff in error never pleaded to the indictment, the one filed by his attorney being a nullity.  The motion was overruled, a bill of exceptions signed, and the plaintiff in error sentenced to five years' imprisonment in the penitentiary.  From which judgment the plaintiff sued out this writ of error.

*Miller & Birchett,* for plaintiff in error.

Arraignment of the prisoner is necessary.  The record does not show that the prisoner ever was arraigned.  It does show that *by attorney* arraignment was waived, which cannot be done where the party is charged with a felony.  2 Hale, 216 ; Roscoe Cr. Ev., 181 ; 1 Chitty Cr. Law, 414.

The record shows that the prisoner "appeared in court, according to the tenor of his recognizance;" but, although in court, a trial without arraignment is virtually the trial of a party during his absence, which cannot be done.  1 Chitty Cr. Law, 414, 421.

In arraignment, the court should not dispense with the prisoner standing at the bar, particularly in cases of felony.  Chitty Cr. Prac., 108.

Want or omission of arraignment is sufficient ground for reversing the judgment.  1 Chitty Cr. Law, 418.

Defendant never pleaded to the indictment.  Plea *by attorney*, when the prisoner is charged with a felony, is a nullity. The defendant must plead in his own proper person.  McQuil-

len v. State, 8 S. & M., 295; 1 Chitty Cr. Law, 436, 472; Bishop Cr. Procedure, 684, note.

At terms of the court subsequent to the one at which defendant *waived* arraignment and pleaded by attorney, the record shows that " the defendant at a former term waived arraignment and pleaded not guilty;" which was not the fact, and which the record itself contradicts. It is incompetent for the clerk at a subsequent term to make any entry of what had transpired at the preceding terms. McQuillen v. State, 8 S. & M., 295.

Arrest of judgment operates to discharge the prisoner.

*Jasper Myers,* attorney general,
Cited Price v. State, 36 Miss., 542.

Jeffords, J. :

The following are the assignments of error:

1. The court erred in overruling the motion of the plaintiff in error in arrest of judgment against him, there being no legal arraignment and plea.

2. The court erred in going to trial without a legal arraignment and plea by plaintiff in error.

3. The court erred in·not setting aside the judgment for want of a legal plea.

The recital in the record shows that " this day came the district attorney, for and on behalf of the state, and the defendant appeared here in court, according to the tenor of his recognizance; and by his attorney waiving a formal arraignment of the premises, pleads not guilty as charged in the indictment," &c.

Our code provides " that if the *defendant,* on arraignment, *refuses* or *neglects* to plead, or *stands mute,* the *court must* cause the plea of ' not guilty' to be entered, and proceed to trial." Rev. Code, p. 620, art. 293.

The simple question is raised by this record whether a person charged with the commission of a *felony* can *waive* his *arraignment* and *plead by attorney.* The defendant cannot waive his arraignment, nor can he plead by attorney. The plea by attorney is no plea. Bishop on Criminal Procedure, § 684; McQuillen v. The State, 8 S. & M., 595;·Chitty's C. L., 418; Douglas

v. The State, 3 Wisconsin, 820. Where the crime charged reaches the grade of *felony*, the authorities are clear that the accused must be arraigned and plead in *person*, unless he *stands mute*, or *refuses* or *neglects* to plead, in which event the "*court* must cause the plea of 'not guilty' to be entered, and proceed with the trial."

It does not appear from the record that the defendant *stood mute*, refused, or *neglected* to *plead*. The record not only fails to show that the defendant was arraigned, but it appears *affirmatively* that the defendant was not arraigned ; that his arraignment was *waived*, not by himself, but by his *attorney*. What the defendant could not do in his own proper person, certainly could not be done by his attorney. We are of opinion, therefore, that the judgment and sentence of the court below should be reversed, the cause remanded, and a new trial awarded.