HENRY ARBUCKLE *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE.  *Arraignment.*  *Code* 1892, §§ 1407, 4370.

   Although code 1892, § 1407, provides for the arraignment of a
   defendant before trial in a criminal case, yet an arraignment and
   plea are not necessary to invest the court with jurisdiction to try
   the case; and a conviction will not be reversed by the supreme
   court because the record fails to show an arraignment and plea,
   no objection for want thereof having been made in the circuit
   court, since code 1892, § 4370, provides that no judgment shall be
   reversed because of any error or omission in the court below, unless
   the record shows that the errors complained of were made the
   ground of special exception in that court.

2. SAME.  *Constitutional law.*  *Code* 1892, § 4370.

   The above section of the code (§ 4370) is constitutional in its applica-
   tion to arraignment and plea, and to all matters not jurisdictional,
   but is unconstitutional if applied to jurisdictional matters. *Hunt*
   v. *State,* 61 Miss., 580, overruled.

3. SAME.  *Withdrawal of plea.*  *Motion to dismiss overruled.*  *Reinstate-
   ment of plea.*

   If a defendant, after arraignment and plea of not guilty, withdraw
   his plea and move to dismiss the case, and the motion be overruled,
   and he then goes to trial on the merits, introducing evidence, his
   plea will be treated as having been withdrawn only for the pur-
   poses of the motion, and as reinstated without a formal renewal.

4. SAME.  *Instructions.  Vagueness.*

> Indefiniteness and vagueness in the instructions for the state will
> not constitute reversible error, where the law has been clearly and
> accurately stated in the charges given for defendant.

FROM the circuit court of Tallahatchie county.

HON. FRANK E. LARKIN, Judge.

Arbuckle, the appellant, was indicted and convicted of man-slaughter in the circuit court of Tallahatchie county, the charge being that he killed, unlawfully, willfully and feloniously, one George Newton, in said county, January 17, 1900. He was convicted, sentenced to the penitentiary for two years, and appealed to the supreme court. The principal contention in the supreme court for a reversal of the judgment was predicated of the fact that the record failed to show that appellant was arraigned on the indictment and plead thereto in the circuit court.

The statutes commented upon in the opinion of the court, and ordered published in this report, are as follows:

*Section 3, art. 7, code 1857, p. 573:* "No person shall be acquitted or discharged in criminal cases, before verdict of a jury, for any irregularity or informality in the pleadings or proceedings, nor shall any verdict or judgment be arrested, reversed or annulled after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect, either of form or substance, which might have been taken advantage of before verdict, and which shall not have been so taken advantage of. Nor shall the words 'force and arms,' or the words 'contrary to the form of the statute,' or any other merely formal or technical words, be deemed necessary in indictments, so the offense be certainly and substantially described therein."

*Section 2884, code 1871:* "No person shall be acquitted or discharged, in criminal cases, before verdict of a jury, for any irregularity or informality in the pleadings or proceedings; nor shall any verdict or judgment be arrested, reversed or an-

nulled, after the same is rendered, for any defect or omission in any jury, either grand or petit, or for any other defect, either of form or substance, which might have been taken advantage of before verdict, and which shall not have been so taken advantage of. Nor shall the words 'force and arms,' or the words 'contrary to the form of the statute,' or any other merely formal or technical words, be deemed necessary in indictments, so the offense be certainly and substantially described therein."

*Laws* 1878, *p.* 200: "Be it enacted by the legislature of the state of Mississippi, that § 2884 of the code of 1871, be amended by adding thereto the following: 'Nor shall any judgment be reversed in the supreme court in any case because of a failure of the court below to ask the accused what he had to say why the sentence of the law should not be passed upon him; nor shall any verdict or judgment be reversed or annulled in the supreme court because the transcript of the record in said court fails to show a proper organization of the grand jury, or fails to show that the prisoner was present in court during the trial, or during any portion thereof, nor for any errors or omissions occurring before sentence which might have been taken advantage of in the court below, and which shall not have been so taken advantage of, unless said transcript shows that these errors and omissions were taken advantage of by motion or otherwise in the lower court; and when said motions are made in the lower court, it shall always be competent for the court to amend any improper entries or supply any omissions, so as to make the record conform to the facts as they occurred.' "

*Section* 1433, *code* 1880: "No judgment in any criminal case shall be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury, or that the prisoner was present in court during the trial, or any part of it, or that the court asked him if he had anything to say why judgment shall not be pronounced against him upon the verdict; nor shall any such judgment be reversed,

because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court."

Section 4370, code 1892: "A judgment in a criminal case shall not be reversed because the transcript of the record does not show a proper organization of the court below or of the grand jury, or where the court was held, or that the prisoner was present in court during the trial or any part of it, or that the court asked him if he had anything to say why judgment should not be pronounced against him upon the verdict, or because of any error or omission in the case in the court below, unless the record show that the errors complained of were made ground of special exception in that court."

*William C. McLean,* for appellant.

The record in the cause shows that the defendant was not arraigned in the court below.

It therefore follows that the trial and judgment was an absolute nullity, and that a new trial must be awarded. *McQuillen* v. *State,* 8 Smed. & M., 587; *Wilson* v. *State,* 42 Miss., 639; *Cachute* v. *State,* 50 Miss., 165; *Stanford* v. *State,* 76 Miss., 257. The record in the McQuillen case was identical with the record in this cause. It was held in that case that it was not permissible for the clerk to make any entry of what had transpired at a former term, and this ruling has been repeatedly affirmed by this court in the above cited causes; also in *Pond* v. *State,* 47 Miss., 41; in *Wilson* v. *State,* 42 Miss., 639, the point is expressly made and decided that "a person charged with the commission of felony cannot waive his arraignment."

*Monroe McClurg,* attorney-general, for appellee.

The controlling complaint here, and for the first time in this court, is that the clerk failed to make an entry on the minutes of the arraignment and plea of the accused. At a subsequent term, when the accused was put upon trial, an order

made by the court recites that he had been arraigned an entered his plea of not guilty at a former term. It is not a case of failure to arraign, nor of neglect or refusal to plead, provided for in § 1407 of the code, but a clerical omission to make a minute of what appears to have been done, and is cured by § 4370 of the code.

No doubt the very cases which counsel cites were potent factors in bringing into the code of 1880 a change of the rule found in previous statutes. This point disposed of, it is respectfully submitted that whatever irregularities may be found in the trial, there are none of sufficient importance to warrant a reversal of the circuit court judgment.

McQuillen's case, Wilson's case, Cachute's case and Pond's case, cited by counsel, were decided under the code of 1857.

In Spivey's case, the record failed to contain a transcript of the indictment. This court said: "The effect of this legislation, code 1892, § 4370, is to establish the presumption in the supreme court, in every criminal case, that the judgment is correct, and it must be affirmed unless the appellant shall show that he made complaint of it in the court below in the particular matter wherein he assigns error in this court." Approved in *Fleming's case,* 60 Miss., 434, where no exceptions were reserved to any ruling of the court. This is unquestionably the rule; nothing short of an affirmative showing, as in *Hunt's case,* 61 Miss., 577, that there was no omission. The court will notice that the recital in the transcript now before us, that the defendant had been arraigned and pleaded not guilty at a former term, was not a mere formal entry by the clerk, but an order made by the court. Of course the court could not have the omitted entry entered *nunc pro tunc,* but it was within the power of the court to make the record of the trial term show affirmatively that it was merely an omission which occurred during a former term. *Lea's case,* 64 Miss., 201; *Burnett's case,* 72 Miss., 994.

Argued orally by *Wm. C. McLean,* for appellant, and *Monroe McClurg,* attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

We think § 4370 of the code of 1892 covers the character of objections made here as to the arraignment. No objection of any kind was made in the court below on the ground that the record showed no arraignment or plea of not guilty. Such failure to show arraignment and plea is cured by the failure to object in the court below. It was competent for the legislature to provide that the failure to object on the ground that there was omission in the record to show any fact not jurisdictional should preclude the appellant from making the point here, but it was not competent for the legislature to provide that the failure in the record to state jurisdictional facts might be so cured. Therefore we disapprove and overrule the declaration in *Hunt* v. *State,* 61 Miss., 580, that no case can be reversed in this court by reason of omission in the record to show jurisdictional facts. Arraignment and plea are not jurisdictional. They are mere steps in the process of the trial of the case, which the circuit court had full jurisdiction to try. We refer specially to three cases (*People* v. *Bradner,* 107 N. Y., 9, 10 (13 N. E., 87) ; *Spicer* v. *People,* 11 Ill. App., 297 ; and *Long* v. *People,* 102 Ill., 336—the last especially) to show that arraignment and plea are not jurisdictional.

In *People* v. *Bradner* the court say: "The learned counsel for the defendant raises the further objection that the defendant was not arraigned, and did not plead to the indictment. The authorities are quite numerous to the effect that in a criminal case an arraignment and plea are essential and necessary preliminaries to a legal trial upon an indictment. 4 Bl. Comm., 322 ; Bish. Cr. Proc., sec. 684 ; 3 Whart. Cr. Law, sec. 3154. Section 296 of the Code of Criminal Procedure declares that when the indictment is filed the defendant must be arraigned thereon. The defendant, on arraignment, may either demur

or plead to the indictment (sec. 321), and the plea makes the issue of law or fact to be tried. The object of the arraignment is to inform the defendant of the charge against him, and to call on him to answer the indictment. 4 Bl. Comm., 322. A formal plea of not guilty is not necessary to put the defendant on trial. Under the Revised Statutes (2 Rev. St., 730, sec. 70) a demand of trial by a defendant was declared to be equivalent to a plea of not guilty. It is sufficient, we think, to constitute an issue that the defendant, on his arraignment, informs the court that he denies the charge, or that he demands a trial. We are of the opinion that the record in this case does sufficiently show an arraignment and plea. The record states that on May 13, 1885, the 'defendant on arraignment pleaded not guilty.' The record then proceeds: 'Subsequently, and after arraignment as aforesaid, the defendant, by leave of the court, withdrew his plea, and moved the court to dismiss the indictment, under subdivision 2, § 313, Code Cr. Proc.' Then follow the affidavits on which the motion to dismiss was made, and the decision of the court denying the motion; also a statement of the proceedings and evidence on the trial, and the finding by the jury of a verdict of guilty. It does not appear that there was a formal renewal of the plea of not guilty. But the parties proceeded as upon the trial of that issue." We call special attention to the failure to renew the plea. But, to proceed with the quotation. "The defendant was present with his counsel, and cross-examined the witnesses for the plaintiff, and introduced witnesses in his defense. It is a just inference that all parties regarded the plea as having been withdrawn for the purpose of the motion only, and proceeded to the trial on the understanding that it was reinstated when the motion was denied. The code declares that 'no indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendants upon the merits.' Code Cr. Proc., § 285. It would

be sacrificing substance to form not to give effect to the transaction according to the plain understanding of the court and
the parties."

In *Spicer* v. *People,* 11 Ill. App., at page 297, the court say:
"It is also urged that the defendant was put upon trial without
entering his plea. It has been held that this is error, even in
case of a misdemeanor. *Hoskins* v. *People,* 84 Ill., 87 (25 Am.
Rep., 433); *Gould* v. *People,* 89 Ill., 216. But if this were
the only point in the case, we should be inclined to hold, upon
the facts as shown by this record, that, when defendant announced himself ready for trial, he, in effect, entered a plea,
and that the failure of the record to contain a formal statement
on that point would be a mere irregularity, for which, no other
reasons appearing, the judgment would not be set aside. In
practice it is not usual, even in prosecutions for the gravest
offenses, to require a formal arraignment and plea, as was the
ancient practice, the plea being entered orally by counsel, and
this has been sanctioned by the supreme court. *Fitzpatrick* v.
*People,* 98 Ill., 259."

In *Long* v. *People,* 102 Ill., 336, the court say: "But it is
said that the case was tried without a plea. On turning to the
record we find the court found that the plaintiff in error, on
the 13th day of October, 1881, did appear in open court
and enter his plea of not guilty, and the clerk was ordered to
enter the plea *nunc pro tunc;* and when this order was entered,
the record finds plaintiff in error was present in court. But it
is urged that this finding and order were made after the trial.
If counsel had turned to § 423 of our criminal code, we presume this objection would not have been urged on the attention
of the court. It provides that the arraignment and plea shall
be entered by the clerk on the minutes of the proceedings, 'and
if the clerk neglects to insert in the minutes the said arraignment and plea, it may, and shall, be done at any time by order
of the court, and then the error or defect shall be cured.' This,
beyond all cavil, cures or removes this extremely technical objection."

The statute considered in the case last cited was a curative act, like § 4370, code 1892. We indorse the declaration in the *Fleming case,* 60 Miss., 434: "We thereby effectuate the object of the statute, which was to close the door against the general jail delivery resulting from the former doctrine, that the record must show affirmatively everything necessary to a valid trial, failing in which the judgment was set aside, many times to the defeat of justice, and to the scandal of the administration of the laws against crimes. This statute introduced a new era, and established the reign of common sense in the administration of the criminal law in this court. It infringes on no principle of justice, and in no way violates any right of the accused. It simply says you shall not overturn, on appeal, the conviction had, in the circuit court, except for something to which you made objection there. It is a most wholesome statute, remedial of great evil, and we will construe it liberally to accomplish the very proper purpose in its enactment."

The plea is always made orally. The entry is mere evidence of the plea. The defendant went forward—the whole course of the trial was proceeded with—without the slightest objection. It is true that § 1407 of the code of 1892 provides that the defendant should be arraigned, and that if he stands mute, the court should have his plea entered; but this in no wise contravenes the view that, if the failure to observe its directions is not objected to in the court below, such objection will not avail here; for § 4370, code 1892, embraces not only omission to do things required by the common law, but omission to do things provided for by statute law as well. *McQuillen's case,* 8 Smed. & M., 587, was decided under the common law; *Wilson's case,* 42 Miss., 639, was decided under the code of 1857, § 7, art. 3, p. 573, which is identical with § 2884 of the code of 1871; and *Cachute's case,* 50 Miss., 165, was decided under the code of 1871, § 2884. It is a remarkable fact that neither in *Wilson's case* nor in *Cachute's case* do the court refer to the pro-

visions of these sections of the codes of 1857 and 1871, but they rely on *McQuillen's case, supra,* in both cases. It would seem that the court overlooked the statutes. Counsel for appellant in *Cachute's case,* 50 Miss., 167, do refer to the provision in the code of 1871, and say that the statute cannot be applied to these defects, because "the verdict which under the statute is considered as curing defects of any kind, is clearly a verdict upon a plea of not guilty," and the verdict in such case, they say, would be "a nullity, because it did not appear to be on any issue at all." However that may be, under the provisions of the codes of 1871 and 1857, the point that the objection cannot be made in this court for the first time is certainly sound, since the act of 1878, which is substantially §1433 of the code of 1880, and § 4370 of the code of 1892, has greatly enlarged the provisions of the codes of 1857 and 1871. It will be observed that under the codes of 1857 and 1871 the pro-vision was that no verdict or judgment could be reversed, after the same was rendered, for "any defects or omissions," etc., "which might have been taken advantage of before verdict, and which were not so taken advantage of," whereas the provision of the codes of 1880 and 1892 is that no judgment shall be reversed because of any error or omission in the case in the court below "unless the record shows that the errors complained of were made the ground of special exception in that court." Under the first two codes the defects or omissions which are cured are those only which might have been taken advantage of before verdict. Under the last two, all defects and omissions, within constitutional limit, which occurred at any time in the court below, are cured, unless objected to therein. Under the first two codes the verdict cured the defects or omissions unobjected to. Under the last two it is not the verdict that cures, but the positive provision of the statute, which cures all defects or omissions unobjected to, without reference to whether they occurred before or after verdict. So if we should regard *Cachute's case* and *Wilson's case* as being decided upon the pro-

visions of the codes of 1857 and 1871, to which no reference was made by the court, it still remains true that they do not control here, because of the essentially different and greatly enlarged provisions of the corresponding sections of the codes of 1880 and 1892. The reporter will set out the provisions of the code of 1857, the code of 1871, the act of 1878, the code of 1880, and the code of 1892, in full, that the bar may see the differences by inspection. We therefore do not think this assignment of error well taken.

Nor do we think the instructions numbered 2 and 3 for the state show any reversible error. The numerous and very accurately drawn instructions for the defendant presented his case in all its aspects with abundant fullness, and the jury were told in them that he could kill not simply to save his life, but to prevent the infliction upon him of great bodily harm. The language of instruction, No. 3, for the state cannot fairly be said to tell the jury that the words used by the defendant constituted a justification. That is only part of the sentence, and the very next words of the sentence, "if they believe those words were a sufficient justification," make it plain that the jury were simply told that they might consider the words as a justification, and if they thought them a sufficient justification, etc. The criticism that the knife was dealt with by the said instruction as if it was a deadly weapon, we think, strains the instruction from its natural meaning. The evidence in the case, and the result, show that the knife was a deadly weapon, because it is plainly shown that the injured party died from the effects of the wound a few days afterward. So that even if the instructions told the jury that the knife was a deadly weapon, whilst it would be error, it would not, under the facts of this case, be reversible error, for the same reason that was given by us in *Saffold's case*, 76 Miss., 258 (24 So., 314). We do not think the instruction tells the jury directly that the defendant's purpose was to cut deceased. The language does not bear that construction, fairly considered, although it is inartificial; and there

was evidence that defendant said, "Now I will open him," or "cut him open," showing his purpose plainly.

Without further specification we say only that we do not regard the other criticisms made of this instruction as sound, reference being had to the charges for the defense, which, in the most abundant manner, state every proposition of law for the defendant upon the very points covered by the third instruction for the state. If this third instruction were flatly and directly contradictory of the announcement on the same points in defendant's charges, it might constitute reversible error. But that is not the case with it. The most that can be said is that it is carelessly and awkwardly drawn; it is deficient in clearness and distinctness. But every particle of this indefiniteness and vagueness is thoroughly and completely dissipated by the charges for the defendant, which are models of clearness and excellence in the presentation of the defendant's case, and which make it impossible, as we think, that the jury could have been misled.

*Affirmed.*