## SCRUGGS v. STATE.

[93 South. 482, No. 22731.]

CRIMINAL LAW. *Arraignment waived by proceeding to trial and subsequent objection was unavailing.*

    A defendant charged with a felony may and does waive arraignment where he proceeds to trial on the indictment without objection and subsequently objects after the evidence has been submitted. Section 1480, Code 1906 (section 1238, Hemingway's Code), considered.

APPEAL from circuit court of Clarke county.

HON. J. D. FATHEREE, Judge.

S. O. Scruggs was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

*Anderson & Case,* for appellant.

On the assignment as error of the failure of the court to require a legal arraignment, we note counsel for the state says, after quoting at some length from the opinion of the court in *Arbuckle v. State,* 80 Miss. 15, 31 So. 437, cited by appellant, he thinks that under the provision of section 3212, Hemingway's Code, as construed in the *Arbuckle case, supra,* that appellant's assignment of error is not well taken. He overlooks the fact that the record of this case shows affirmatively appellant made this assignment of error ground of special exception in the lower court.

Again the cases cited by counsel for appellee on this point are cases in which the accused waived, by his silence and failure to object in the lower court, the right to complain because of want of arraignment on appeal. We, therefore, submit these cases dealing with the proposition of want of arraignment as assignment of error raised for the first time in the appellate court are not applicable in this case and further that section 4936, Code 1906 (section 3212, Hemingway's Code), does not apply to this case, since the record shows affirmatively that the want of a

legal arraignment was made ground of special exception in the lower court.

There can be no question about waiving this right in the case before the court, for the reason this court has held that legal arraignment in a felony case cannot be waived, moreover this record shows the defendant did not waive or attempt to waive arraignment, but, on the contrary objected to the failure of same and excepted to the action of the court in permitting his arraignment, over his objection after the state had closed its case. As we understand the law in this state, a legal arraignment is absolutely essential to a valid trial on a felony charge and cannot be waived and if the failure of this arraignment is made ground of special exception on the trial in the lower court it is then subject to review and ground for reversal in the supreme court. Section 4926, Code 1906 (section 3212, Hemingway's Code) ; *Arbuckle* v. *State,* 80 Miss. 15, 31 So. 437, and cases cited in appellant's original brief.

We believe the proposition of overruling all the cases on this point which declared the law in this state to be as above set out and which has been the law since the early jurisprudence of this state to the present day, will not, and of right out not, address itself to the minds of this court as lightly as counsel for the state calls on the court to overrule this sound and time-honored rule of law.

*H. Talbot Odom,* special assistant attorney-general, for the state.

Appellant complains because, as he says, there was no legal arraignment in this case, in that, he was not arraigned and required to plead until after the state had rested its case. The record does not show that the appellant objected to continuing the trial on account of the failure of the court to arraign him earlier. However, it does show that there was an exception to the ruling of the court, the exact language being found at page 38 of the record, and is as follows:

BY MR. ANDERSON: "Let the record show that the defendant was arraigned after the state had closed its evidence, and the defendant excepted to the court's ruling allowing this to be done."

Under the common law during the early history of England, when a person accused of crime, was dealt with almost summarily and was not given the right to testify in his own behalf or to be represented by counsel, and when he was given a most cruel and unusual punishment, and sometimes suffered death, for very trivial offenses, it became necessary for the appellate court to require the strictest formality in court procedure; and under these circumstances the well-recognized rule, that a failure to observe these formalities in every respect, would cause a reversal of the judgment of the lower court. This rule was absolutely necessary in order to protect the rights and liberties of its citizens.

During the early history of the United States our federal courts and most of our state courts followed the rule laid down by the courts of England with reference to formalities; but at the present time there is a great tendency to depart from the rule requiring such strictness in pleading and procedure, the modern tendency being to require the trial courts to accord the accused a fair and impartial trial. In reviewing these cases in appellate courts, they look to the merits of the case rather than technicalities, and if convinced that the accused's rights were not prejudiced in the lower courts, then no reversal will be had where the trial court has failed to follow the old rule of strict pleading and procedure.

Counsel for appellant contends in this case that there can be no valid trial on a felony charge without arraigning the person accused and requiring him to plead before the jury is sworn. The state's contention is that in this case the appellant was not at all prejudiced on account of the failure of the trial court to arraign the prisoner and require him to plead before beginning the trial; that the trial was conducted in the same manner, and the accused was

given every right that he would have had if the prisoner had been formally arraigned and required to plead before the trial began; and that by his silence he impliedly waived arraignment and plead not guilty by going to trial, introducing witnesses in his behalf and taking the stand himself and denying the charge against him. In other words, appellant was informed of the charge against him, and the defense interposed by him would not have been strengthened if he had been arraigned prior to the trial.

The general rule laid down in 16 C. J., at page 392, is as follows: "Moreover, many of the courts have departed from the old practice, even in cases of felony, and now permit an arraignment to be waived, not only by express waiver, but also by acts equivalent thereto," citing a long list of authorities, among which are the following cases which will be discussed later in this brief: *Hack* v. *State* (Wis.), 45 L. R. A. (N. S.), 664; *Garland* v. *State of Washington*, 232 U. S. 642, 58 L. Ed. 772; *Bateman* v. *State*, 64 Miss. 233; 8 Ruling Case Law, at page 108, under Criminal Law, par. 71.

In my opinion, the case of *Arbuckle* v. *State*, recorded in 80th Miss. at page 15, impliedly overrules the cases cited by appellant in support of his contention. *McQuillen's case*, 8 Smed. & M. 587, was decided under the common law. *Wilson's case*, 42 Miss. 639, was decided under the Code of 1857, section 7, article 3, page 573, which is identical with section 2884 of the Code of 1871; and *Cachute's case*, 50 Miss. 165, was decided under the Code of 1871, section 2884. It is a remarkable fact that neither in Wilson's case nor in Cachute's case do the courts refer to the provisions of these sections of the Codes of 1857 and 1871, but they rely on *McQuillen's case, supra*, in both cases. It would seem that the court overlooked the statutes. Counsel for appellant in *Cachute's case*, 50 Miss. 167, do refer to the provision in the Code of 1871, and say that the statute cannot be applied to these defects because "the verdict which under the statute is considered as curing defects of any kind, is clearly a verdict upon a plea of not

guilty, and the verdict in such case, they say, would be "a nullity, because it did not appear to be on any issue at all." However that may be under the provisions of the Codes of 1871 and 1857, the point that the objection cannot be made in this court for the first time is certainly sound, since the Act of 1878, which is substantially section 1433 of the Code of 1880, and section 4370 of the Code of 1892, has greatly enlarged the provisions of the Codes of 1857 and 1871. It will be observed that under the Codes of 1857 and 1871 the provision was that no verdict or judgment could be reversed, after the same was rendered, for "any defects or omissions," etc., which might have been taken advantage of before a verdict, and which were not so taken advantage of, where as the provision of the Codes of 1880 and 1892, is that no judgment shall be reversed because of any error or omission in the case in the court below "unless the record shows that the errors complained of were made the ground of special exception in that court." Under the first two codes the defects or omissions which are cured are those only which might have been taken advantage of before verdict. Under the last two, all defects and omissions, within constitutional limit, which occurred at any time in the court below, are cured, unless objected to therein.

Under the first two codes, the verdict cured the defects or omissions unobjected to. Under the last two it is not the verdict that cures, but the positive provision of the statute, which cures all defects or omissions unobjected to, without reference to whether they occurred before or after verdict. So if we should regard Cachute's case and Wilson's case as being decided upon the provisions of the Codes of 1857 and 1871, to which no reference was made by the court, it still remains true that they do not control here, because of the essentially different and greatly enlarged provisions of the corresponding sections of the Codes of 1889 and 1892. We therefore do not think this assignment of error well taken.

It will be seen from the foregoing quotation from the opinion in the *Arbuckle case, supra,* that our court, through Chief Justice WHITFIELD, recognized the fact that the cases cited by appellant are not now in force, due to the fact that the first of these cases, known as *McQuillen's case,* 8 Smed. & M. 587, was decided under the common-law rule, and that the other cases cited by appellant were decided when the Codes of 1857 and 1871 were in effect, and that since the Code of 1871, the Codes of 1880 and 1892, have been materially amended with reference to reversing cases on technicalities. Here it will be noted that section 1433 of the Code of 1880, which was re-enacted as section 4370 of the Code of 1892, was again re-enacted by section 4936 of the Code of 1906, and has been brought forward in section 3212 of Hemingway's Code.

The Arbuckle case specifically overrules the case of *Hunt* v. *State,* 61 Miss. 580, and holds that the foregoing section as brought down from the Code of 1880 was constitutional, and had no application to arraignment and plea. I think, therefore, that under the provisions of section 3212 of Hemingway's Code as construed in the *Arbuckle case, supra,* that this assignment of error by appellant is not well taken.

It will be noted that at the time the *Arbuckle case, supra,* was decided, that the rule in effect was that announced by the supreme court of the United States in the case of *Crain* v. *U. S.,* 167 U. S. 625, 40 L. Ed. 297, which held that a formal arraignment and plea in a felony case was absolutely essential to a valid and legal trial. Here I wish to call the court's attention to the fact that *Crain's case, supra,* has been overruled by the supreme court of the United States in the case of *Garland* v. *The State of Washington,* 58 L. Ed. 772.

So it will be seen that the rule now in effect, announced by the supreme court of the United States, is that a formal arraignment and plea are not necessary. My contention is also supported by the case of *Mack* v. *State* (Wis.), reported in 45 L. R. A. (N. S.) at page 664. *People* v. *Oster-*

*hout,* 34 Hun, 260; *People* v. *Bradner,* 107 N. Y. 1, 13 N.
E. 87; *State* v. *Cassady,* 12 Kan. 550, 1 Am. Crim. Rep.
567; *State* v. *Straup,* 16 Wash. 111, 47 Pac. 227; *Hudson*
v. *State,* 117 Ga. 704, 45 S. E. 66.

That arraignment and plea may be waived affirmatively
appears in the following cases: *Hudson* v. *State,* 117 Ga.
704, 45 S. E. 66; *Waller* v. *State,* 2 Ga. App. 636, 58 S. E.
1106; *Harris* v. *State,* 11 Ga. App. 137, 74 S. E. 895; *State*
v. *Rasberry,* 113 La. 651, 37 So. 545; *State* v. *Gordon,* 35
Mont. 458, 90 Pac. 173; *State* v. *DeLea,* 36 Mont. 531, 93
Pac. 814; *Harkinson* v. *State,* 2 Okla. Crim. Rep. 323, 101
Pac. 343; *Stack* v. *State,* 2 Okla. Crim. Rep. 697, 103 Pac.
1068, 105 Pac. 320; *Wood* v. *State,* 4 Okla. Crim. Rep. 436,
post, 673, 112 Pac. 11; *Schlumbohm* v. *State,* 5 Okla. Rep.,
36, 113 Pac. 235; *Essary* v. *State,* 53 Tex. Crim. Rep. 596,
111 S. W. 927; *Davis v. State* (Tex. Crim. Rep.) 158 S. W.
283; *State* v. *Quinn,* 56 Wash. 295, 105 Pac. 818; *State* v.
*Hamshaw,* 61 Wash. 390, 112 Pac. 379; *Hack* v. *State.*

HOLDEN, J., delivered the opinion of the court.

S. O. Scruggs appeals from a conviction and sentence
of two years in the penitentiary on the charge of manu-
facturing intoxicating liquor.

We do not think any of the points presented for reversal
by appellant merit discussion, except one, and that is
that the lower court erred in putting the defendant on
trial without arraigning him until after the state had
closed its evidence.

The record shows that, after all of the testimony for
the state had been submitted to the jury and the appellant
had begun to introduce his proof, the court then arraigned
the appellant on the indictment charging a felony. Im-
mediately after the arraignment counsel for the appellant
seems to have objected or excepted to the action of the
court in the following language:

"Let the record show that the defendant was arraigned
after the state had closed its evidence, and the defendant
excepted to the court's ruling allowing this to be done."

It will be observed the appellant "excepted to the court's ruling allowing this to be done." He made no request of the court that the trial be discontinued, nor did he object to the further progress of the trial. The record also discloses that appellant made no objection to proceeding without arraignment at the beginning of the trial, but proceeded to present and take care of his side of the case on the issue then and there being tried.

For the purpose of squarely determining the question involved, we shall concede that the exception taken by appellant as set out above was in effect an objection to the arraignment at that period in the trial, and that it amounted to a request for a discontinuance of the trial.

The question then presented for decision is whether it was error in the court to proceed with the trial after the objection was made to the arraignment, or whether the appellant waived the arraignment at the beginning of the trial when he took issue with the state on the charge in the indictment and proceeded with the case.

We are aware of the common-law rule requiring arraignment and joinder of issue between the state and the defendant before proceeding with the trial. We have not overlooked section 1480, Code of 1906 (section 1238, Hemingway's Code), nor have the earlier decisions of this court requiring arraignment escaped our attention; nevertheless we think the more modern and better rule followed by the courts of our country is that the defendant may waive arraignment, either expressly or impliedly, by proceeding to trial without objection, and thus by his assent and conduct impliedly join issue with the state on the indictment.

We think the *Arbuckle Case,* 80 Miss. 15, 31 So. 437, is ample, if not positive, authority for this view, and that case in effect overrules the earlier and prior decisions on the point.

We do not think a defendant could waive any jurisdictional right by failing to object in the lower court, as provided by section 4936, Code of 1906 (section 3212, Hemingway's Code), which also provides that a judgment will

not be reversed by this court wherein no objection was made in the lower court as to any right given the defendant in the procedure of the trial; and we see no good reason for holding that a defendant cannot waive the arraignment, which right, of course, is not jurisdictional, but merely one of procedure.

If we are correct in the view we have expressed that a defendant may waive the arraignment at the beginning of the trial, then his subsequent objection to a later arraignment, which was done in this case, cannot avail him to set aside the conviction. When he expressly or impliedly joins issue with the state on the indictment and proceeds to trial without arraignment, and thereby hears the evidence and secures the chance of an acquittal by the jury, he cannot complain of the failure to arraign, because he waived it in the beginning of the trial.

The judgment of the lower court is affirmed.

*Affirmed.*