WILLIAMS *v.* STATE.

In Banc. Feb. 28, 1949.

(39 So. (2d) 3)

516

G. H. Merrell, and W. U. Corley, for appellant.

518

520

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

John Williams was indicted upon a charge of felonious assault upon one B. H. Mixon with a deadly weapon, with intent to steal $73 under the provisions of Section 2011, Code of 1942. Before arraignment or plea the attorney for the accused filed a motion, backed by affidavit, that the accused was insane. An issue was then made up, proof was taken, and the jury returned a verdict that the accused was then insane, was dangerous to be at large, and recommended permanent confinement in the State Insane Hospital. Judgment to this effect was entered by the court. The accused was carried to the State Insane Hospital, where he was detained for thirty days and was then discharged and returned to his home in Covington County.

On the convening of the July term of court thereafter, the case was again called by the court. ██ █ A plea of res adjudicata was then filed by his attorney to the effect that the former jury had adjudged the accused to be insane at the time of the commission of the offense, but such was not the verdict of the jury, and the plea was properly overruled by the court.

Thereupon a second motion, supported by affidavit, suggesting accused's insanity, was filed and this motion was by the court overruled, the court dictating into the record that he had observed the accused in the courtroom and there was "no good reason, legal or otherwise, for a preliminary hearing to be had as sanity or insanity of this man before the trial of this case on all issues." Counsel then called the court's attention to the fact that accused

had never been arraiged and had never plead to the indictment, and by reason of his insanity was unable to plead. The court then ruled: "If the defendant desires at this time to be arraigned, or counsel for him desires to tender him for arraignment, the court will permit him to be arraigned. What do you say gentlemen?" Counsel replied: "We stand mute, your honor." The Court then ruled: "The defendant standing mute, and counsel declining to allow him to plead, the court here and now enters a plea of 'not guilty' for the defendant, which joins issue on the merits of the case." The court thereupon put the accused to trial before the jury on three issues: 1. Sanity at the time of the commission of the offense. 2. Sanity at the time of the trial. And 3. Guilt or innocence of the offense charged. After taking testimony, and the granting of instructions, the matter was submitted to the jury, and, after consideration, they returned a verdict finding the defendant guilty as charged, and that he was sane at the time of the commission of the offense and sane at the time of the trial.

Appellant assigns as error the action of the trial court in refusing preliminarily to submit to the jury the issues of insanity at the time of the trial and at the time of the commission of the offense. Section 26 of the Constitution of 1890 provides that in criminal prosecutions the accused shall have the rights to be heard by himself or counsel or both. ██ ██ The trial of a defendant, when his mind is so clouded that he cannot remember and intelligently relate what occurred at the time of the commission of the alleged offense, is a denial of due process and contrary to public policy, and when it appears to the trial court that there is a probability that defendant is incapable of making a rational defense, the trial should not proceed until defendant's mental condition has been investigated and it appears he is sufficiently rational to make defense. Carter v. State, 198 Miss. 523, 21 So. (2d) 404; Hawie v. State, 121 Miss. 197, 83 So. 158, 10 A. L. R. 205. We urge upon the trial courts to observe this

constitutional right of defendants, with meticulous care, and submit to the jury, preliminarily, the issue of the defendant's sanity in all cases where there is a probability that defendant is incapable of making a rational defense. ▆▆ In the case at bar, however, we have heretofore set out in this opinion the observations of the trial judge of the defendant in the courtroom and his conviction that there was no probability that the defendant was incapable of making a rational defense. In addition, the jury found on the testimony in the case that the accused was sane at the time of the trial. We do not feel that the action of the trial court, in submitting to the jury the issue of sanity at the time of trial, the issue of sanity at the time of the commission of the offense, and the issue of guilty or innocent, all at the same time, was prejudicial error, if error at all, since the jury in this case under proper instructions from the court found the defendant to be sane at the time of the trial and fully capable of making a rational defense. Davis v. State, 151 Miss. 883, 119 So. 805. The principle of the law is for the protection of the insane person whose mind is so clouded that he cannot remember or intelligently relate to his counsel or to the court and jury what occurred at the time of the occurrence of the alleged offense. It contains no element of a refuge to which the sane may flee and obtain immunity from just punishment for their criminal acts.

Appellant further contends that the court erred in placing the accused on trial without arraignment and by entering a plea of not guilty in his behalf. This, of course, grows partly out of his defense of insanity. What we have said in the next preceding paragraph in regard to the rights of an insane person applies here with equal force, and is a disposition of that element entering into the alleged error in the action of the court and eliminates it from consideration here. It is true that in Wilson v. State, 42 Miss. 639, it was held that under an indictment for a felony the accused cannot waive arraignment nor

can he plead by attorney, and that again in Cachute v. State, 50 Miss. 165, it was held that in all cases of felony the record must show affirmatively that the accused was arraigned and plead in person to the indictment; but the rule announced in these old cases was discarded in Scruggs v. State, 130 Miss. 49, 93 So. 482, for ██ ██ the more modern and better rule, followed by the courts of this country, that the defendant may waive arraignment either expressly or impliedly. Bufkin v. State, 134 Miss. 1, 98 So. 452; Scruggs v. State, 130 Miss. 49, 93 So. 482. Here this defendant, by unjustly feigning insanity at the time of the trial, as the jury found, standing mute without right or justification, toying with the right the law gave him to an arraignment, impliedly waived his right to an arraignment. The court, very properly, under Section 2504, Code 1942, entered the plea of ''not guilty.''

. The appellant assigns as error the granting of two instructions to the State. The first instruction complained of reads as follows:

''The Court instructs the jury for the state that if you believe from the evidence beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis consistent with the innocence of the defendant, that the defendant wilfully, unlawfully, feloniously and of his malice aforethought, did strike, hit and wound the witness B. H. Mixon, with some instrument capable of producing death or great bodily harm, with the felonious intent to take, steal, and carry away the personal property, to-wit, $73.00, of B. H. Mixon; and if you further believe beyond a reasonable doubt that the defendant is now capable of making a sane defense to his case; and there is no reasonable doubt arising from the evidence of the sanity of the defendant at the time of the alleged crime; then it is the duty of the jury to return a verdict of guilty as charged.''

██ ██ It will be noted that this instruction requires the jury to find that the assault was made only ''with

some instrument capable of producing death or great bodily harm." If the jury should believe that the instrument was not a deadly weapon yet was capable of producing great bodily harm, they could convict. This is not the law. Section 2011, Code 1942, under which this indictment was returned, requires that the assault be made "with any deadly weapons or other means or force likely to produce death." A weapon capable of producing great bodily harm does not satisfy the requirement of the statute, and it was prejudicial error for the court to grant the instruction in that form.

Again, it is assigned as error the giving of the instruction to the State, reading as follows:

"The Court instructs the jury for the State, that one of the issues for the jury to decide in this case and upon which the burden of proving rests on the defendant, is the sanity of the defendant at the time the alleged crime occurred. That the test of whether a man is sane or insane at the time of the alleged crime was committed was whether he knew and was able to distinguish right from wrong. The court charges you further that unless there be in your mind a reasonable doubt arising from the evidence as to the sanity of the defendant at the time the alleged crime was committed, based on above rule of law and evidence, then you should not return a verdict of not guilty because of this issue."

It will be noted that this instruction places on the defendant the burden of proving his insanity at the time of the commission of the offense. The burden never shifts in a criminal case. It is true that every man is presumed to be sane. It is also true that this presumption of sanity will be sufficient to sustain the burden resting on the state of proof of sanity on the part of defendant at the time of the commission of the act charged, if defendant offers no testimony to meet the presumption sufficient to raise, out of the evidence in the case, a reasonable doubt of the defendant's sanity at the time he committed the act. But it is none the less true that the

state carries the burden of showing, as an essential element in the accountability of defendant, the sanity of the defendant at the time, and of showing it beyond all reasonable doubt, as distinctly announced in Cunningham v. State, 56 Miss. 269, 276, 21 Am. Rep. 360, and Ford v. State, 73 Miss. 734, 19 So. 665, 35 L. R. A. 117. The granting of this instruction was prejudicial error.

We find it unnecessary to comment upon any other assignment of error herein, but for the reasons hereinbefore stated the judgment of the lower court will be reversed and remanded.

Reversed and remanded.