KITCHENS, Justice,
Concurring in Result Only.
¶ 28. While I agree that Sanders was entitled to a competency hearing, I respectfully disagree with this Court’s recent holding in Hearn v. State, 3 So.3d 722 (Miss.2008), that a defendant’s mental competency to stand trial may be decided during the trial on the merits when the trial court, before trial, had reasonable ground to believe the accused lacked the requisite mental competence to go to trial.
¶ 29. Over four decades ago, the United States Supreme Court held in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), that when the evidence raises sufficient doubt as to a defendant’s mental ability to stand trial, that defendant is deprived of due process of law when the trial court does not conduct a separate competency hearing. This rule is no less viable today, and this Court has attempted to safeguard this right in the form of Rule 9.06 of the Uniform Rules of Circuit and County Court Practice. Rule 9.06 sets forth a clear procedure to be followed when a defendant’s present mental competency is in question:
If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist *1140 selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.
After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record and the case will then proceed to trial.
(Emphasis added.)
¶ 30. This concept is hardly new. Long before Pate was decided, this Court recognized the need for a separate pretrial hearing on the issue of competency. In Williams v. State, 205 Miss. 515, 524-25, 39 So.2d 3, 4 (1949), this Court held
The trial of a defendant, when his mind is so clouded that he cannot remember and intelligently relate what occurred at the time of the commission of the alleged offense, is a denial of due process and contrary to public policy, and when it appears to the trial court that there is a probability that defendant is incapable of making a rational defense, the trial should not proceed until defendant’s mental condition has been investigated and it appears he is sufficiently rational to make defense. We urge upon the trial courts to observe this constitutional right of defendants, with meticulous care, and submit to the jury, preliminarily, the issue of the defendant’s sanity in all cases where there is a probability that defendant is incapable of making a rational defense.
(Emphasis added.) (Internal citations omitted.) See also Jaquith v. Beckwith, 248 Miss. 491, 500, 157 So.2d 403, 407 (1963) (“Assuming a properly authorized psychiatric examination has been made under the statute, the court and the jury may then consider the doctors’ findings in determining, as a question prior to trial on the merits, the issue of present insanity.”) (emphasis added) (citing Robinson v. State, 223 Miss. 70, 81, 77 So.2d 265 (1955)). As indicated in Jaquith v. Beckwith, competency to stand trial, or the lack thereof, was determined by juries, in separate competency trials, prior to our providing by rule that such determinations be made by trial judges.
¶ 31. In Hearn v. State, 3 So.3d 722, this Court abandoned our longstanding practice that mental competency be decided in advance of trial on the merits. Instead, the Court found that the trial court’s finding of competency to stand trial was proper when evidence on this subject was elicited during the trial.[10] Had I been a member of this Court, I would have disagreed and dissented. The procedures of Rule 9.06 are in place to protect the due process rights of defendants whose competency to stand trial is in doubt. They are not technical requirements that may be sidestepped. By requiring a pretrial evi-dentiary hearing on the issue of competency, outside the presence of the jury, the accused is given a fair opportunity to be heard that is not otherwise available if the issue is presented during trial, as was approved in Hearn.
¶ 32. For example, the defendant’s own testimony may be relevant, perhaps indispensable, to the question of whether he is competent to stand trial. In a separate, pretrial hearing devoted solely to the issue of competency, the defense attorney could *1141 call his or her client as a witness without dread of cross-examination on issues of guilt or innocence. However, if the issue of competency is tried during the a jury trial on the merits, the defendant would be less likely to take the stand for various reasons, including a reticence about being subjected to cross-examination. In such case, a chilling effect at best, and an outright denial at worst, would be placed upon the defendant’s opportunity of personally presenting testimony on the issue of his own competency. Such a result offends basic tenets of due process.
¶ 33. In addition, evidence that would be relevant to an accused’s competency to stand trial could be highly prejudicial if presented to a jury assigned the task of determining guilt or innocence. It is not at all unlikely that if a defendant lacks the mental competency to stand trial and assist his counsel in presenting a rational defense, his mental impairment will have caused him to have engaged in bizarre, socially unacceptable, and even criminal conduct. For example, a mentally incompetent person might enter a retail store, see something he likes and place it in his pocket without understanding the necessity of paying for the item. For a sane person, such conduct would constitute the crime of shoplifting. Though relevant and probative of mental incompetency, such evidence could be quite harmful to a defendant if adduced before a jury charged with judging whether he or she was guilty of the charge being tried. This is one of the reasons that a separate competency hearing mandated by URGCC 9.06 is the wise and fair way to proceed, and is consistent with state and federal due process requirements.
¶ 34. Trying the issue of competency before the trial jury is also problematic because competency to stand trial is decided by the trial judge, under the Mississippi procedure now prescribed by Rule 9.06, while issues of guilt or innocence are, in most cases, decided by a jury. Rule 9.06 provides that “the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial.” There is simply no need to expose the trial jury to evidence of a defendant’s competency to stand trial and risk confusing the issues as well as prejudicing the defendant when our rules provide a just and rational procedure for resolving such matters.
¶ 35. It is readily foreseeable that the most knowledgeable witness on the question of whether an accused person is mentally competent to confer with his or her attorney and meaningfully assist in asserting a rational defense could be the defense attorney. This attorney’s testimony could be easily adduced during a separate competency hearing, but not during the trial on the merits, with the jury present. By logical deduction, Hearn seems to contemplate that it could.
¶ 36. Of course, Rule 9.06 does make provision for a competency hearing during trial, should the need arise. Clearly, though, such a proceeding should be conducted outside the presence of the jury.
¶ 37. Because I would explicitly overrule Hearn, and the majority, though reaching the correct result, stops short of doing so, I respectfully concur in result only.
DICKINSON, J., JOINS THIS OPINION.

. I note that unlike Hearn, in Sanders's case, there was never an on-the-record finding by the trial court that the defendant was mentally competent to stand trial, as Rule 9.06 mandates.