PETER JONES v. THE STATE.

APPEAL TO CIRCUIT COURT. *Vagrancy. Justice of the peace. Code* 1892, § 1323.

One charged with vagrancy and required by a justice of the peace to give bond for good behavior or be committed to jail, under § 1323, code 1892, may appeal to the circuit court.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

On November 21, 1892, Hettie Jones made affidavit before a justice of the peace of Warren county that appellant, Peter Jones, was a vagrant, having abandoned his wife and children

without just cause, leaving them without support, and in danger of becoming a public charge. On the same day the justice of the peace entered a judgment reciting a hearing on all the evidence in the case, and adjudging that the defendant enter into a bond in the penalty of $200 " for his good behavior for twelve months and treatment of his wife, and to be committed to the county jail ten days, unless he immediately give bond and pay all costs."

It seems that defendant took an appeal to the circuit court, but the record contains no petition or bond for appeal. It recites that the circuit court, on motion of the district attorney, made a motion to dismiss the appeal for want of jurisdiction, and that the court, being of opinion that no appeal could be prosecuted from the judgment of the justice court in vagrancy proceedings for the first offense, sustained the motion and dismissed the appeal. To this ruling an exception was taken, and the defendant appealed.

Section 1323, code 1892, provides for the arrest of one suspected of being a vagrant, and, on satisfactory evidence, the justice of the peace before whom he is to be taken is required to commit him to jail for ten days, unless he shall give bond in the sum of $250, conditioned for his good behavior for twelve months. Section 1324 makes it the duty of the justice of the peace, on subsequent violation of the law in relation to vagrants by such person, to re-arrest and try the offender, who, on violation, is to be committed to jail for twenty days. Bond is not allowed for the second offense.

*McLaurin & McLaurin*, for appellant.

Section 82, code 1892, provides for appeals from the justice court in all civil cases, and § 86 provides for appeals in criminal cases. Clearly the defendant had the right to appeal to the circuit court. We need not cite authorities in support of this right, for the statute is explicit. If the legislature had intended to deny an appeal in vagrancy cases, it would have said so. What difference there could be between the

first and second offense, so far as the right to appeal is concerned, we cannot see.

*Frank Johnston*, attorney-general, for the state.

1. Counsel for appellant relies upon the provisions of § 86, code 1892, as giving the right to appeal, but the case involves the construction of this section, together with §§ 1323, 1324. Section 1323 of the code must have been treated as providing not so much for a conviction of the criminal offense as for the bond for good behavior, and the imprisonment feature, not as a punishment but as the means of enforcing compliance with the requirement for the bond. Section 1324, relating to the second offense, provides unconditionally for punishment by imprisonment. From this, the construction arises that in such case an appeal lies under the general terms of § 86.

The case seems to bear an analogy to, if it is not identically the case of, one being put under a peace-bond under § 1479 of the code, which expressly allows an appeal, while in the case of this special good-behavior bond no appeal is expressly provided for. In the enactment of § 1479 it must have been considered that appeals from judgments requiring peace-bonds were not given by the general law, § 86, and hence the necessity of a special provision as to an appeal. Under § 1324 there would be a technical conviction, from which an appeal could be prosecuted.

The question is *res nova*, and upon these suggestions it is respectfully submitted to the judgment of the court.

2. The appeal to the circuit court was imperfect in this, that the record shows no appeal-bond from the judgment of the justice court. Section 86 of the code requires an appeal-bond, and § 88 requires that it shall be filed in the circuit court.

CAMPBELL, C. J., delivered the opinion of the court.

The appeal from the judgment of the justice of the peace

was improperly dismissed on the ground on which the order of dismissal was put by the circuit court.   Code of 1892, §§ 86, 1323.

*Reversed and remanded.*