HOPKINS *v.* STATE.

Division B.   Dec. 10, 1951.

No. 38238  (55 So. (2d) 467)

**Homer Pittman** and **Claude F. Pittman, Sr.,** for appellant.

Joe T. Patterson, Assistant Attorney General, for appellee.

Alexander, J.

This appeal is from a conviction of murder, the judgment carrying with it a sentence of life imprisonment.

There is no dispute as to the fact that the accused while seated in a parked car beside his employer fired two fatal shots into the side of the body.

The assignments of error argued include the fact that the accused, an admitted drug addict, had been kept under drugs continually since his arrest. The testimony of physicians vindicated the propriety of such course, it being shown that a too sudden withdrawal of the drug would produce untoward effects, and that he was more normal in his reasoning powers when given limited dosage of the drug.

There were two confessions introduced by the State, one oral and the other written. There was a preliminary hearing as to their admissibility and a showing of their complete voluntary character was not challenged by the accused or any witness in his behalf. Moreover, the written confession is far from prejudicial to the accused since there is incorporated therein his explanation of self-defense. No error is found in their admission.

The two issues of sanity and of guilt were separately heard. Upon extensive testimony by both lay and expert witnesses for both parties, the jury found that the accused was sane. During the hearing of this issue the State introduced Dr. Carroll who had seen the accused at an infirmary and later in jail after his arrest. There was no objection interposed to his testimony at this stage on the ground that he was disclosing privileged communications. Upon the issue of guilt he was recalled to the stand whereupon counsel for the accused stated as follows: ''We are now objecting to Dr. Carroll testifying in this case because of privileged communication, priv-

ileged testimony, he is the defendant's doctor, and we are objecting to him testifying.''

The objection was overruled. Whereupon the physician again testified substantially as before upon the issue of sanity repeating that in his opinion the accused was sane and knew right from wrong. However, he went further and stated his finding that the defendant had nephritis, a disease of the kidneys. This ailment was stated to have no present bearing upon his mental condition.

Aside from the irrelevancy of these disclosures there was no specific objection to this testimony other than an objection made in the outset in only general terms. Keeton v. State, 175 Miss. 631, 167 So. 68. There was no proof that the relation of physician and patient had ever existed. Indeed Dr. Carroll stated categorically that the accused was not his patient. The real issue as to which this witness testified was sanity vel non both at the time of the homicide and at the time of the trial. We can see no prejudical error in allowing Dr. Carroll to continue the testimony theretofore given upon the sanity issue.

We do not set out the testimony. The only defenses were (1) insanity and (2) self-defense. Both issues were submitted to the jury by approximately forty instructions. ██ █ The jury was not bound to accept the version given by the accused since there was a conflict with physical facts, eyewitnesses and testimony of threats by the accused to kill the deceased. An issue for the jury was presented and we find no reversible error.

Affirmed.

**Hall, J.**, took no part in the decision of this case.