330 So.2d 272 (1976)
Milford L. WILLIAMSON
v.
STATE of Mississippi.
No. 48830.
Supreme Court of Mississippi.
April 13, 1976.
*273 E. Howard Eaton, Taylorsville, for appellant.
A.F. Summer, Atty. Gen., by Billy Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
*274 Before INZER, SUGG and WALKER, JJ.
WALKER, Justice, for the court:
The appellant appeals from the imposition of a life sentence by the Circuit Court of Smith County, Mississippi, after having been convicted of the murder of his wife.
The appellant gave a statement to investigating officers the day after the fatal shooting that he and his wife had been arguing during which she told him she was pregnant by another man; and, that he followed her to her home and shot her from his pickup truck with a .20 gauge shotgun.
The defense was grounded on the theory of insanity.

I.
The appellant first contends that when a defendant files a suggestion of insanity and has been sent to the State Hospital for a mental evaluation, a grand jury should not be permitted to hear evidence with respect to the charge against him until the mental examination has been completed. This contention is wholly without merit. A grand jury is not charged with the responsibility of inquiring into the mental condition of a person accused of a crime and whose case is presented to the grand jury. However, if it should come to the attention of the grand jury, during the course of its investigation, that an accused is insane or so feebleminded that he or she was not responsible for his acts or omissions at the time when the act or omission charged was committed or made, the grand jury should certify the fact to the circuit court as provided under Mississippi Code Annotated section 99-13-5 (1972). This does not mean, however, that a grand jury must delay acting on any case to await the outcome of the mental examination of an accused. The jurisprudence of this State includes adequate safeguards to protect all of the statutory and constitutional rights of incompetents who are indicted for the commission of crimes.

II.
The appellant contends that the entire testimony of Dr. Guild, a psychiatrist, who examined appellant over a period of two and one-half months on an average of three times per week at the Mississippi State Mental Hospital, should have been stricken on the grounds that it was partly based on information from psychological, neurological, medical and laboratory examinations conducted by other hospital personnel. However, an examination of the record reveals that, although Dr. Guild testified he used such reports in arriving at his ultimate opinion that the appellant was sane, there was no contemporaneous objection interposed by appellant specifying this ground as a basis for his objection. To the contrary, appellant's counsel extensively cross-examined Dr. Guild and introduced into evidence some of the reports to which Dr. Guild referred and which contained information favorable to appellant. The appellant did not move to exclude Dr. Guild's testimony until after several intervening witnesses had testified and the state had rested its case. We have held in numerous cases that a contemporaneous objection is necessary stating the specific reasons for the objection in order to preserve the point as error on appeal. Baker v. State, 327 So.2d 288 (Miss. handed down February 10, 1976); Thornton v. State, 313 So.2d 16 (Miss. 1975); Ratliff v. State, 313 So.2d 386 (Miss. 1975); Pittman v. State, 297 So.2d 888 (Miss. 1974); Myers v. State, 268 So.2d 353 (Miss. 1972). Since the point was not preserved, we do not reach the question of whether there was error in allowing the doctor to testify from the reports in question.

III.
The appellant next assigns that the court erred in allowing the state's psychiatrist, *275 Dr. Guild, to testify with reference to statements concerning the events surrounding the death of appellant's wife made by the appellant to the doctor during a mental examination conducted pursuant to a court order. The appellant contends that admitting into evidence his statements to the psychiatrist violated his constitutional privilege against self-incrimination where his guilt or innocence as well as the question of insanity was at issue.
We held in Rogers v. State, 222 Miss. 690, 76 So.2d 831 (1955) that the statute providing for a defendant's mental examination by court-appointed experts is not unconstitutional on the ground of self-incrimination where the question of sanity is at issue. However, this Court has not addressed itself to the precise question of whether inculpatory statements made by an accused to a court-appointed psychiatrist with reference to events surrounding the crime charged are admissible. We are of the opinion that such inculpatory statements would not be admissible. An order permitting an examination of an accused, whether on motion of the state or the accused, should result in full, good-faith cooperation by the accused. The defendant should not fear that what he says may be used against him in a trial where the issue is his guilt or innocence of the offense charged. United States v. Albright, 388 F.2d 719 (4th Cir.1968); State v. Whitlow, 45 N.J. 3, 210 A.2d 763 (1965); State v. Raskin, 34 Wis.2d 607, 150 N.W.2d 318 (1967). Ordinarily, where there is a serious question of an accused's sanity or competency to stand trial, that issue should be submitted to a separate jury prior to a trial on the merits of the charges against the accused. Olsen v. State, 224 Miss. 226, 79 So.2d 841 (1955); Robinson v. State, 223 Miss. 70, 77 So.2d 265, 83 So.2d 99 (1955); Rogers v. State, supra; Shipp v. State, 215 Miss. 541, 61 So.2d 329 (1952); Williams v. State, 205 Miss. 515, 39 So.2d 3 (1949).
In determining the issue of sanity, the privilege arising out of the relationship of physician and patient does not exist in the case of a court-ordered examination. Hopkins v. State, 212 Miss. 772, 55 So.2d 467 (1951).
We are of the opinion that no reversible error was committed under the facts presented in this case. The statements made to Dr. Guild during the course of the court-ordered mental examination were contrary to the account of the shooting that appellant gave in his confession which was admitted into evidence by the court after finding it was freely and voluntarily given. The appellant's statements to Dr. Guild were exculpatory in nature as he told the doctor, in effect, that some third person fired the shots; and, that some of the shots struck his pickup truck in which he was sitting as well as hitting the deceased. Therefore, the admission of the statements through Dr. Guild was harmless error.

IV.
The next assignment is in relation to the testimony of Dr. Stary, head of the psychology department at the State Hospital, who was allowed to testify as to the appellant's mental capability to knowingly and voluntarily waive his right to counsel and to remain silent. Appellant contends that the admission of the doctor's testimony constituted reversible error because it was based upon the report of two clinical technicians who administered certain psychological tests[1] to the appellant. The basis of appellant's objection in the lower court was that the state had not shown that the persons who gave the tests were "licensed clinical psychologists, licensed by the State of Mississippi, to read and interpret psychological testing." The appellent cites no authority to support this contention and we find it to be without merit. It is not necessary *276 that the education of a technician whose duty it is to administer routine tests should reach such a high degree.
We do not reach the question of whether Dr. Stary's testimony was based on hearsay. That proposition is raised for the first time on appeal and was not presented to the trial court for a ruling thereon. We have held in many cases that matters other than jurisdiction not raised in the trial court may not be raised for the first time on appeal. Seaney v. Seaney, 218 So.2d 5 (Miss. 1969); Stewart v. City of Pascagoula, 206 So.2d 325 (Miss. 1968); Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965).

V.
The appellant next urges that at the time he gave his statement to the investigating officers he was incapable of knowingly and intelligently waiving his right to remain silent and his right to an attorney. The thrust of this assignment of error is that the mental examination by the staff at the Mississippi State Hospital showed appellant to have an I.Q. of 76 which placed him in the category of "borderline retardation."
The appellant relies heavily on Harvey v. State, 207 So.2d 108 (Miss. 1968), where this Court held that an objection to a confession should be sustained when it becomes apparent that an accused was not mentally capable of understanding the gravity of the charge against him or of understanding the meaning of a waiver of his constitutional right at the time of giving incriminatory statements. This stems from the general rule that the confession of an insane person cannot be admitted into evidence because he cannot waive his constitutional rights against self-incrimination. He cannot waive any rights because he does not know of his rights. Harvey v. State, supra; People v. Lambersky, 410 Ill. 451, 102 N.E.2d 326 (1951); State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959). However, a confession will not ordinarily be excluded merely because the person making the confession is mentally weak. Until it is shown that a weak-minded person has been overreached to the end that he has divulged that which he would not have divulged had he not been overreached, his voluntary confession is admissible. In Lynumn v. Illinois, 372 U.S. 528, 534, 83 S.Ct. 917, 920, 9 L.Ed.2d 922, 926 (1963), that Court said: "We have said that the question in each case is whether the defendant's will was overborne at the time he confessed." We recognize that the will of a person who is of weak intellect may be more easily overcome than that of one who is more intelligent; and, with this rule in mind and after applying the law to the facts in this case, we have reached the conclusion that the trial court properly admitted the confession into evidence. The state proved beyond a reasonable doubt, after taking into consideration appellant's weak intellect, that he freely and voluntarily gave the inculpatory statement to the investigating officers.
We would point out again as we did in Ratliff v. State, 317 So.2d 403 (Miss. 1975), that the voluntariness of a statement and its admissibility in evidence is a question for the court to determine and not a question for the jury.
Having carefully considered the assignments of error urged by the appelant and finding no reversible error, we are of the opinion that the judgment of the lower court should be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
NOTES
[1] Wechsler Adult Intelligence Scale; Rorschach Ink Blot Test; Human Figure Drawings Test.