BOWLING, Justice,
for the Court:
Appellant was indicted and tried for the crime of murder in the Circuit Court of Harrison County. The jury returned its verdict finding appellant guilty of manslaughter and he was sentenced to serve a term of fifteen years under the jurisdiction of the Department of Corrections.
Appellant alleges eight assignments of error. One assignment mandates a reversal of the case for a new trial, and we shall discuss only that assignment and one other, disposition of which should be made prior to the second trial. These alleged errors are:
1. The lower court erred in requiring the appellant to exercise his peremptory challenges before presentation to him by the prosecution of a full panel of twelve jurors; and
2. The lower court erred in admitting into evidence the testimony of the prosecution’s expert witnesses to the extent that the testimony reflected a history and other facts given to those witnesses by the appellant relating to his possible guilt.
Prior to trial, appellant filed his motion for a special venire. Due to the time element involved, only about nineteen of those drawn for service were actually served and appeared for the trial. The lower court proceeded to exhaust the special veniremen and when this was done there were only eleven jurors accepted by the state. The regular jury panel for the week was in the courtroom. Rather than proceed to fill the panel with these veniremen, the lower court presented only the eleven members of the jury accepted by the state, and, over strenuous objection by attorneys for appellant, they were required to make their peremptory challenges to the eleven accepted jurors.
The above set out action clearly was reversible error, as mandated by the statute and the prior decisions of this Court. Mississippi Code Annotated section 13-5-77 (1972) provides in part:
In case the special venire be exhausted without a jury being impaneled from those summoned and in attendance, the court shall proceed to make up the jury for the trial of the case from the regular panel and tales jurors who may have been summoned for the day. If, after exhausting said regular.panel and tales jurors, a competent jury be not obtained, the court shall direct the sheriff to summon forthwith as many tales jurors as shall be sufficient to complete the jury.
Code section 99-17-3 provides as follows: In capital cases the defendant and the state shall each be allowed twelve peremptory challenges. In cases not capital the accused and the state each shall be allowed six peremptory challenges; but all peremptory challenges by the state shall be made before the juror is presented to the prisoner. In all cases the accused shall have presented to him a full panel before being called upon to make his peremptory challenges. (Emphasis supplied).
This Court has mandated that the failure to abide by the statute is reversible error. Peters v. State, 314 So.2d 724 (Miss.1975); Gammons v. State, 85 Miss. 103, 37 So. 609 (1905); State v. Mitchel, 70 Miss. 398, 12 So. 710 (1893).
Appellant’s defense was a plea of temporary insanity. In addition to lay witnesses, he presented in his defense the testimony of three experts in the field of psychiatry. Each of these related the history of *783 the event as given to them by the appellant, which basically consisted of the remembrance by appellant as to what actually occurred during the sequence of events leading to his wife’s death. Appellant testified in his own defense and his testimony regarding the history of what he remembered to have occurred was essentially the same as that related by the three psychiatrists.
In rebuttal, the state introduced a psychologist and a psychiatrist, the latter having examined appellant by order of the court. No question is raised in this appeal regarding that order. Both experts were permitted by the court, over strenuous objection of appellant, to relate to the jury the history given them by appellant at the time of their examinations of him. A study of the record reveals that the history related by the state’s expert witnesses as having been given them by appellant was essentially the same as related to the jury by appellant’s three expert witnesses and the appellant himself.
We reaffirm the holding of this Court in the case of Williamson v. State, 330 So.2d 272 (Miss.1976), where in a similar situation we said the following:
The appellant next assigns that the court erred in allowing the state’s psychiatrist, Dr. Guild, to testify with reference to statements concerning the events surrounding the death of appellant’s wife made by the appellant to the doctor during a mental examination conducted pursuant to a court order. The appellant contends that admitting into evidence his statements to the psychiatrist violated his constitutional privilege against self-incrimination where his guilt or innocence as well as the question of insanity was at issue. We held in Rogers v. State, 222 Miss. 690, 76 So.2d 831 (1955) that the statute providing for a defendant’s mental examination by court-appointed experts is not unconstitutional on the ground of self-incrimination where the question of sanity is at issue. However, this Court has not addressed itself to the precise question of whether inculpatory statements made by an accused to a court-appointed psychiatrist with reference to events surrounding the crime charged are admissible. We are of the opinion that such inculpatory statements would not be admissible. An order permitting an examination of an accused, whether on motion of the state or the accused, should result in full, good-faith cooperation by the accused. The defendant should not fear that what he says may be used against him in a trial where the issue is his guilt or innocence of the offense charged. United States v. Albright, 388 F.2d 719 (4th Cir. 1968); State v. Whitlow, 45 N.J. 3, 210 A.2d 763 (1965); State v. Raskin, 34 Wis.2d 607, 150 N.W.2d 318 (1967).
As hereinbefore stated, appellant voluntarily permitted the experts introduced by him to relate the history of appellant’s memory of the events as given to each by appellant. Appellant himself testified as to what he remembered that occurred during the course of the incidents resulting in his wife’s death. After all this testimony, the state’s expert witnesses merely related essentially the same information received from appellant that already had been heard by the jury. If this situation had not existed, certainly Williamson, supra, would apply. We are forced to hold, however, that the refusal of the lower court to exclude the history related to the state’s witnesses by appellant was harmless error under the record of this particular case.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.