# ROBERT VICTOR ESQUIVEL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

## No. 11014

October 8, 1980                                617 P.2d 587

*Mills, Galliher, Lukens, Gibson, Schwartzer & Shinehouse,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Esquivel was convicted of the infamous crime against nature after a jury trial. The primary issue presented at

the jury trial was appellant's credibility. This issue was particularly important since appellant predicated his sole defense on his testimony of the consent of the alleged victim who gave the only testimonial evidence against the defendant. The prosecution, however, impeached Esquivel, over defense objections, with statements Esquivel had made to a psychiatrist during a court-ordered mental examination. We believe that admission of these statements was error as a subject being examined by a court appointed physician should feel free in such a clinical climate to discuss all the facts relevant to the examination without the guarded fear that the statements may be later used against him.[1] Fair play dictates nothing less. Mann v. State, 96 Nev. 62, 605 P.2d 209 (1980); *see also* Williamson v. State, 330 So.2d 272 (Miss. 1976). Here the principal issue in the case was Esquivel's credibility; the damaging evidence introduced to impeach his own testimony was garnered during Esquivel's mental examination. We may not deem the evidence harmless error under the factual posture presented and must therefore reverse and remand the case to the district court for a new trial.

---

[1]There is no question in this case of an assertion of privilege with respect to such statements when the report of a court-ordered examination is used for the purpose for which it was ordered. NRS 49.245(2). Here, the statements were used as evidence in a criminal prosecution, after appellant's guilty plea, which was the reason for the psychiatric examination, was withdrawn as involuntary.