CARLSON, Presiding Justice,
for the Court:
¶ 1. Frederick Bell was convicted of capital murder for the shooting death of Robert C. “Bert” Bell at the Stop-and-Go in Grenada County on May 6, 1991, during the commission of a robbery. Bell v. State, 725 So.2d 836 (Miss.1998). Bell’s first petition for post-conviction relief was denied by this Court in 2004. Bell v. State, 879 So.2d 423 (Miss.2004), cert. denied, 543 U.S. 1155, 125 S.Ct. 1301, 161 L.Ed.2d 122 (2005). Bell now has filed a Motion for Leave to File Successive Petition for Post-Conviction Relief. The State has filed a response, and Bell has filed a reply. After consideration, we find that Bell’s Motion for Leave to File Successive Petition for Post-Conviction Relief is well-taken and is granted on the sole issue of his request for a hearing on his allegation that he is mentally retarded. Otherwise, Bell’s Motion for Leave is without merit and is denied.
*92 I. WHETHER BELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS TO PRESENTATION OF HIS ALIBI DEFENSE.
¶ 2. Bell first argues that he received ineffective assistance of counsel due to trial counsel’s failure to properly investigate and present his alibi defense. Bell’s alibi was that he was in Memphis on May 6, 1991, at the time of Bert Bell’s murder. This issue was raised in Bell’s first petition for post-conviction relief and was rejected by this Court. Bell, 879 So.2d at 433-34. After due consideration, the Court finds that this issue is procedurally barred pursuant to Mississippi Code Sections 99-39-5(2) and 99-39-27(9) (Supp.2010), and none of the statutory exceptions is applicable. Notwithstanding the bar, we consider Bell’s claim, applying the familiar standard of review set out in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to establish an ineffective-assistance-of-counsel claim, a petitioner “must prove that under the totality of circumstances (1) the counsel’s performance was deficient and (2) the deficient performance deprived the defendant of a fair trial.” Bell, 879 So.2d at 430 (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). In applying this standard, the Court finds that Bell’s trial counsel investigated sufficiently to determine that a full presentation of Bell’s alibi risked revealing to the jury Bell’s involvement in a second, separate murder in Memphis on May 6, 1991, and the decision not to present evidence of the alibi was acceptable trial strategy. Therefore, this issue is without merit. Jackson v. State, 815 So.2d 1196, 1200 (Miss.2002).
II. WHETHER BELL ACTUALLY IS INNOCENT.
¶ 3. Bell next argues that he actually is innocent of Bert Bell’s murder. After due consideration, the Court finds that this issue is procedurally barred pursuant to Mississippi Code Sections 99-39-5(2) and 99-39-27(9)(Supp.2010), and none of the statutory exceptions is applicable. Notwithstanding the bar, the Court finds that Bell has not demonstrated, in light of all of the evidence, that it is more likely than not that no reasonable juror would have convicted him, and this issue is without merit. Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).
III. WHETHER BELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING JURY SELECTION.
¶ 4. Bell next argues that he received ineffective assistance of counsel due to trial counsel’s waiver of objection to the State’s peremptory strikes of jurors under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This issue was raised in Bell’s first petition for post-conviction relief and was rejected by this Court. Bell, 879 So.2d at 434-36. After due consideration, the Court finds that this issue is procedurally barred pursuant to Mississippi Code Sections 99-39-5(2) and 99-39-27(9) (Supp.2010), and none of the statutory exceptions is applicable. Notwithstanding the bar, the Court finds that Bell’s trial counsel has presented no evidence of prejudice to Bell other than speculation due to the racial composition of Bell’s jury, and this issue is without merit. Bell, 879 So.2d at 430-31 (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
IV. WHETHER BELL IS MENTALLY RETARDED.
¶ 5. We find this issue to have merit to the extent that Bell is entitled to an evidentiary hearing in the trial court. In *93 making this finding, we acknowledge the separate opinions of our distinguished colleagues, Justice Randolph and Justice Chandler, who, for different reasons, would deny Bell any relief on the issue of whether Bell is mentally retarded. While we will not respond directly to these separate opinions, we write here with the concerns of our colleagues who differ with us on this point in mind.
¶ 6. First of all, the applicable section of our Uniform Post-Conviction Collateral Relief Act is Mississippi Code Section 99-39-27(9) (Supp.2010), which states in pertinent part:
The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death. A dismissal or denial of an application relating to mental illness under Section 99-19-57(2), shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. Likewise excepted from this prohibition are those eases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.[1]
Noticeably absent from this statute is a time limitation in which to file a second or successive application if such application meets one of the statutory exceptions.
¶ 7. In Bell v. State, 879 So.2d 423 (Miss.2004), we addressed Bell’s post-conviction-relief petition which was filed on December 20, 2001, prior to the United States Supreme Court’s decision in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which was handed down on June 20, 2002. Chase v. State, 873 So.2d 1013 (Miss.2004), was handed down on the same day we handed down Bell.
¶ 8. Succinctly stated, for the sake of today’s discussion, Atkins is an intervening decision which would have actually adversely affected the outcome of Bell’s sentence; thus the issue of Bell’s mental retardation is not proeedurally barred. If Bell is indeed mentally retarded as defined in Chase, 873 So.2d at 1027-28 (¶¶ 67-72),[2] Bell has a fundamental constitutional right not to be executed. Bell meets all the requirements of Chase such that Bell is entitled to proceed in the trial court on his mental retardation claim. In Chase, we stated that, in order to be entitled to an evidentiary hearing on this issue, a defendant must file the PCR motion and that the defendant
*94 must attach to the motion an affidavit from at least one expert, qualified as described above, who opines, to a reasonable degree of certainty, that: (1) the defendant has a combined Intelligence Quotient (“IQ”) of 75 or below, and; (2) in the opinion of the expert, there is a reasonable basis to believe that, upon further testing, the defendant will be found to be mentally retarded, as defined herein.
Chase, 873 So.2d at 1029.
¶9. Without belaboring the point, Dr. Marc Zimmerman, a licensed psychologist, whose affidavit is attached to Bell’s PCR petition currently before the Court, meets the Chase qualifications for an expert on this issue. Id. at 1029, ¶ 75. In his affidavit, Dr. Zimmerman, inter alia, opined “to a reasonable degree of psychological certainty that Frederick Bell has a combined intelligence quotient of 75 or below and that there is a reasonable basis to believe that upon further testing Frederick Bell will be found mentally retarded under the criteria established by the American Association on Intellectual and Developmental Disabilities formerly known as the American Association on Mental Retardation and/or The American Psychiatric Association.” These assertions in Dr. Zimmerman’s affidavit meet the Chase criteria set out above. Id. at 1029.
¶ 10. We find nothing in our 2004 decision in Bell which forecloses Bell’s assertion of entitlement to an evidentiary hearing on the issue of mental retardation, nor do we interpret the federal district court’s decision discussed by Justice Randolph in his separate opinion to be an adjudication on the merits of Bell’s alleged mental retardation. In fact, Bell asserts that in his federal habeas corpus proceedings, he attempted to amend his petition for writ of habeas corpus and raise the mental retardation claim in the federal district court, but this attempt was denied.
¶ 11. In sum, what we conclude today, and all we conclude, is that Bell is entitled to have an evidentiary hearing in the trial court on his mental retardation claim. Respectfully, we believe that much of what Justice Randolph writes in his separate opinion may be presented at the evidentia-ry hearing. Thus, we find today that Bell has presented sufficient evidence of mental retardation to proceed in the Grenada County Circuit Court on this issue. Upon remand, the trial court shall conduct an evidentiary hearing using the procedure set out in Chase, 873 So.2d at 1029 (¶¶ 73-78).
V. WHETHER BELL RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS TO DEVELOPMENT OF MITIGATION EVIDENCE.
¶ 12. Bell last argues that he received ineffective assistance of counsel due to trial counsel’s failure to develop and present mitigation evidence. This issue was raised in Bell’s first petition for post-conviction relief and was rejected by this Court. Bell, 879 So.2d at 442-44. After due consideration, the Court finds that this issue is procedurally barred pursuant to Mississippi Code Sections 99-39-5(2) and 99-39-27(9) (Supp.2010), and none of the statutory exceptions is applicable. Notwithstanding the bar, the Court finds that Bell’s trial counsel presented evidence at the sentencing hearing of Bell’s age, his poverty-stricken upbringing, his violent and abusive father, his relationship with his three-year-old son and his academic problems. Bell has not shown that trial counsel’s failure to present further evidence caused him prejudice, and this issue is without merit. Johns v. State, 926 So.2d 188, 195 (Miss.2006).
*95 CONCLUSION
¶ 13. The Court grants the Motion for Leave to File Successive Petition for Post-Conviction Relief filed by Frederick Bell solely to allow Frederick Bell to proceed on the issue of mental retardation in the Grenada County Circuit Court, and denies as to the remainder of the motion. Any post-conviction pleadings filed on behalf of Frederick Bell shall be filed in the Grenada County Circuit Court on or before thirty days after the issuance of this Court’s mandate, and the trial court shall enter scheduling orders consistent with the deadlines set out in Mississippi Rule of Appellate Procedure 22(c)(6).
¶ 14. MOTION FOR LEAVE TO FILE SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF IS GRANTED IN PART AND DENIED IN PART. THIS CASE IS REMANDED TO THE CIRCUIT COURT OF GRENADA COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALLER, C.J., GRAVES, P.J., DICKINSON, LAMAR AND KITCHENS, JJ., CONCUR. RANDOLPH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED IN PART BY CHANDLER AND PIERCE, JJ. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH AND PIERCE, JJ.

. This statute was amended in 2008. The Amendment Notes under the statute as it appears in the 2010 Supplement state: "The 2008 amendment, in (9), substituted 'offender’s supervening mental illness before the execution' for 'convict’s supervening insanity pri- or to the execution' in the second sentence, and ‘relating to mental illness' for ‘relating to insanity’ in the third sentence, and made minor stylistic changes throughout.”

. In Lynch v. State, 951 So.2d 549, 557 (Miss.2007), we clarified that "[o]ur trial courts are free to use any of the above listed and approved tests or other approved tests not listed to determine mental retardation and/or malingering by a defendant.” Id. at 557.