KITCHENS, JUSTICE,
DISSENTING:
¶ 120. Because our precedent firmly establishes that the trial court’s failure to afford Evans a mental competency hearing is reversible error, I respectfully dissent. Further, I would find that the trial court committed error during voir dire examination by preventing Evans’s counsel from ascertaining the prospective jurors’ ability to consider alcohol abuse as mitigating. I also would find that the seating of an alternate juror in the sentencing phase of *43 Evans’s trial—who had not participated in guilt-phase deliberations—violated this State’s capital sentencing scheme. Each of these errors requires reversal, most obviously the omission of the mandatory mental competency hearing. Accordingly, I would reverse and remand for a new trial.

A. Because the trial court ordered that Evans undergo a mental evaluation for competency, its failure to hold a competency hearing, followed by an adjudication of the question of Evans’s competence, demands reversal.

¶ 121. Approximately two months after Evans’s indictment for capital murder, his appointed counsel filed a motion for a mental evaluation to determine whether Evans knew right from wrong at the time of the crime, whether he was mentally competent to stand trial, and to identify possible mitigating circumstances. The trial court granted the motion and Evans’s subsequent request to have the mental evaluation performed by Dr. Beverly Smallwood. After Dr. Smallwood reported that she was unable to perform the mental evaluation, on November 28, 2012, the trial court entered an amended agreed order that Evans receive a mental evaluation at the Mississippi State Hospital to determine, among other things, his competency to stand trial.
¶ 122. On January 18, 2013, the trial court was notified that Evans’s mental evaluation had been completed and, shortly thereafter, the trial court held a hearing to inquire about the results of that mental evaluation. At the hearing, the following exchange occurred between Evans’s counsel and the trial court:
[Defense counsel]: Judge, Mr. Evans was seen at Whitfield, completed all of his evaluations and we have received the full report, the defense has received the full report and we are ready to move forward and we have come to an agreement on the trial date as well as on the nonevidentiary motion settings, the evi-dentiary motion setting and the omnibus hearing setting.
[[Image here]]
THE COURT: Mr. Thriffiley, I know the primary reason for the evaluation had to do with some mitigation but also I presume since you’re ready to move forward that it found Mr. Evans was competent both to assist his counsel as well as to proceed to trial.
A. Yes, Your Honor.
THE COURT: All right.
The discussion of the mental evaluation consisted of that brief exchange. Just before the trial, the matter of Evans’s mental competence was revisited during an omnibus hearing. The following occurred:
THE COURT: Defense, any claim of incompetency for the defendant to stand trial?
Mr. Whittman: No, your honor.
The case proceeded to trial. The report of Evans’s mental evaluation was not filed with the trial court, and its contents were not submitted for the trial court’s consideration in any way. Thus, the trial court received no evidence and made no findings regarding Evans’s mental competence to stand trial.
¶ 123. Evans argues that his conviction must be reversed due to the trial court’s failure to hold a competency hearing, followed by an adjudication of his mental competence to stand trial. A criminal defendant has a federal constitutional due process right not to be tried while incompetent. Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966). Our state Constitution also protects this right. Williams v. State, 205 Miss. 515, 524, 39 So.2d 3, 4 (1949) (citing Miss. Const. art. 3, § 26). This right is “funda *44 mental to an adversary system of justice.” Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed. 2d 103 (1975). The standard for competency to stand trial is “whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.” Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 788-89, 4 L.Ed. 2d 824 (1960). This Court has held that a mentally competent defendant is one:
(1) who is able to perceive and .understand the nature of the proceedings; (2) who is able to rationally communicate with his attorney about the case; (3) who is able to recall relevant facts; (4) who is able to testify in his own defense if appropriate; and (5) whose ability to satisfy the foregoing criteria is commensurate with the severity of the case.
Hollie v. State, 174 So.3d 824, 830 (Miss. 2015) (quoting Hearn v. State, 3 So.3d 722, 728 (Miss. 2008)).
¶ 124. The right not to be tried while incompetent is protected by Uniform Rule of Circuit and County Court Practice 9.06, which provides, in pertinent part, that:
If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the. court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.
After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record and the case will then proceed to trial. If- the court finds that the defendant is incompetent to stand trial, then the court shall commit the defendant to the Mississippi State Hospital or other appropriate mental health facility.
URCCC 9.06 (emphasis added). This Court has held that, under Rule 9.06, a trial court’s order for the defendant to undergo a mental evaluation to determine competence “is a per se showing that the' trial court had reasonable grounds to believe the defendant was incompetent to stand trial.” Hollie, 174 So.3d at 830. Therefore, we have held, “once a mental evaluation-is ordered, a competency hearing is mandatory.” Id. (emphasis added); see also Smith v. State, 149 So.3d 1027, 1029 (Miss. 2014) (reversing for an evidentiary hearing on a post-conviction claim that a mental competency hearing should have been held after the trial court ordered a mental evaluation); Beasley v. State, 136 So.3d 393, 398 (Miss. 2014) (the Court affirmed on the ground that an adequate competency hearing had been held after the mental evaluation); Jay v. State, 25 So.3d 257, 262 (Miss. 2009) (the Court reversed because no competency hearing had been held after the mental evaluation). Additionally, we have held that “the appropriate remedy .for failure to hold a competency hearing is a new trial, not a retrospective competency hearing.” Smith, 149 So.3d at 1035 (citing Coleman v. State, 127 So.3d 161, 168 (Miss. 2013)).
¶ 125. In Hollie, after the defendant had confessed to a capital murder and an armed robbery, .his attorney filed a motion for a mental evaluation, which the trial court granted. Id. at 826. However, Hollie pled guilty to both crimes without a competency hearing or an adjudication of his *45 mental status. Id. at 827. The state doctor’s report of Hollie’s mental evaluation was filed with the trial court, but never was offered or admitted into evidence. Id. At the sentencing hearing, Hollie instructed his attorney to present no defense, and the jury sentenced him to death. Id. This Court reviewed Hollie’s death sentence as mandated by Mississippi Code Section 99-19-105(8) (Miss. 2015). Id. at 829. We held that the trial court had committed reversible error by ordering a mental evaluation but never holding a competency hearing. Id. at 832.We remanded the case for a competency hearing, to be followed by a trial if Hollie were found competent, or commitment to the Mississippi State Hospital or other appropriate mental health facility if he were found incompetent. Id. at 833-34.
¶ 126. The requirement that a competency hearing occur after a court-ordered mental evaluation had been established more than four years before Evans’s trial. This Court held that, “when the evidence raises a sufficient doubt as to a defendant’s mental ability to stand trial, that defendant is deprived of due process of law when the trial court does not, on its own, conduct a separate competency hearing.” Sanders v. State, 9 So.3d 1132, 1135 (Miss. 2009) (citing Pate, 383 U.S. at 386, 86 S.Ct. 836). In Sanders, this Court recognized the constitutional requirement that “trial courts are obligated to conduct a competency hearing, either on the defendant’s motion or sua sponte, if there is sufficient doubt about a defendant’s competence.” Sanders, 9 So.3d at 1135 (quoting House v. State, 754 So.2d 1147, 1151 (Miss. 1999) (citing Drope, 420 U.S. at 180, 95 S.Ct. 896)). And the Court held that sufficient doubt exists “once a trial court orders a psychiatric evaluation to determine competency to stand trial.” Sanders, 9 So.3d at 1136. Further, we held that the plain language of Rule 9.06 “requires an on-the-record hearing to determine competency once the court has reasonable ground to believe that the defendant is incompetent.” Id. At this hearing, the trial court .“shall” weigh the evidence and “shall” make its competency determination a matter of record. Id. (quoting URCCC 9.06).
¶ 127. These cases pronounce in no uncertain terms what must occur when the trial court orders a mental evaluation to determine a defendant’s competency to stand trial. Simply put, this Court has held that, once a mental evaluation has been ordered, a competency hearing is mandatory. Hollie, 174 So.3d at 830. This is because an order for a mental evaluation “is a per se showing that the trial court had reasonable grounds to believe the defendant was incompetent to stand trial.” Id. In this case, the trial court ordered a mental evaluation. Therefore, under Rule 9.06 and the clear prior holdings of this Court, a mental competency hearing and competency determination were mandatory, and because no competency hearing and competency determination occurred, this Court must reverse and remand for a new trial.
¶ 128. But instead of applying our clearly established precedent, the majority employs a smoke-and-mirrors approach to explain why no reversible error occurred. Initially, the majority states that “there was never a finding by the trial court that a ‘reasonable ground to believe the defendant is incompetent’ existed” under Rule 9.06. Maj, Op. at ¶ 24. But it has been the law in Mississippi since Sanders that an order for a mental evaluation to determine competency means that the trial court had “reasonable ground to believe the defendant is incompetent” under Rule 9.06. Sanders, 9 So.3d at 1136. Without question, our precedent dictates that the need for a competency hearing followed by an *46 on-the-record determination of mental competence is triggered by the trial court’s order for a mental evaluation.
¶ 129. Next, the majority seems to hold that defense counsel’s actions waived Evans’s right to a competency hearing followed by a determination of the question of mental competence by the trial court. Then, the majority faults Evans for having failed to offer any evidence of mental incompetence. But a failure to offer any evidence of mental incompetence is exactly what would be expected of a defendant whose lawyer has foregone a competency hearing, whether wittingly or unwittingly. Moreover, this Court has held more than once that the competency hearing required by Rule 9.06 cannot be waived. Thus, no matter what Evans’s counsel communicated to the trial court, the defense attorney was unable effectively to have waived Evans’s right to a competency hearing and competency determination by the trial court. In Hollie, the State argued that Hollie was not entitled to a competency hearing because his guilty plea had waived his right to a competency determination. Hollie, 174 So.3d at 831. Citing Pate, this Court rejected that argument, because a defendant’s constitutional rights are abridged by the failure to afford an adequate hearing on mental competence when a legitimate issue is raised. Id. The Court quoted Pate for the proposition that “[t]he United States Supreme Court has stated unequivocally that ‘it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently ‘waive’ his right to have the court determine his capacity to stand trial.’ ” Hollie, 174 So.3d at 831 (quoting Pate, 383 U.S. 375, 86 S.Ct. 836). We also recognized that, in Sanders, a majority of the Court rejected the view that the failure to object contemporaneously at trial waives the issue. Id. at 832. With respect, I believe the majority errs by finding that defense counsel waived a competency hearing and by faulting Evans for his failure to put on any evidence of incompetency; clearly, his counsel’s actions foreclosed his ability to do so.
¶ 130. Paradoxically, the majority also makes several findings that the trial court actually adjudicated the issue of Evans’s mental competence. How the trial court can be said to have made such an adjudication when Evans, according to the majority, had waived a competency hearing and competency determination is not readily apparent. Nevertheless, the majority finds that “the trial court deemed Evans competent,” and that the trial court made a “determination of competency.” Maj. Op. at ¶¶ 26, 29. But in reality, nothing of the sort occurred. The trial court simply accepted defense counsel’s waiver after his declaration that, because the mental evaluation had found Evans competent, he would not pursue the issue. And we have found such a waiver to be ineffective. Hollie, 174 So.3d at 831.
¶ 131. The majority also finds that, because the trial court on several occasions expressed concern about Evans’s mental competence, but accepted defense counsel’s supposed waiver of a mental competency determination and proceeded to trial, there “is record evidence that the court deemed Evans competent.” Maj. Op. at ¶ 29. But a trial court’s ordering of a mental evaluation to determine competence, then proceeding to trial without a competency hearing, is precisely the error we identified, defined, and condemned in Sanders. The notion that simply proceeding to trial is the equivalent of an express determination that the defendant is competent to stand trial wholly obviates the requirements of Rule 9.06, and for all practical purposes overrules our decisions in Hollie, Smith, Beasley, Coleman, Jay, and Sanders. If the trial itself constituted rec *47 ord evidence of a mental competency determination, then this Court would .have affirmed, rather than reversed, in our pri- or cases in which a mental evaluation was ordered, but the defendant was tried without a competency hearing.
¶ 132. In fact, the majority’s finding that the trial court actually made a mental competency determination echoes the State’s argument on this issue. The State, in evident recognition of the mandatory nature of a competency hearing, characterizes what occurred at the pretrial hearings as a competency hearing. The State contends that, during those proceedings, defense counsel informed the trial court that the mental evaluation had found Evans competent, and the trial court implicitly adjudicated the issue of competency by allowing the case to proceed to trial. The State’s argument is that “[djefense counsel admitted Evans was competent, based on the results of the mental evaluation, which obviated the need for a more protracted or extensive hearing.” The State argues that, “unlike Hollie, a hearing was held where the court acknowledged and defense counsel admitted Evans was competent to stand trial.”
¶ 133. But the record reflects that the trial court accepted defense counsel’s relinquishment of a competency determination after his oral representation to the court that the mental evaluation had found Evans competent to stand trial. The trial court weighed no evidence because thefe was none to weigh; the mental evaluation report never was filed with the court, was not admitted into evidence, and no testimony or other evidence concerning it was presented. The brief colloquy between the court and defense counsel ■ in which. the lawyer gave up his client’s well-established right to a competency determination cannot, by any stretch of the mind, be characterized as a competency hearing followed by an adjudication of competence.[17] Considered objectively, the pretrial proceedings as a whole cannot be deemed a competency hearing followed by an adjudication of Evans’s competence, or even as roughly equivalent thereto.
¶ 134. Further, the proceedings in this case cannot be characterized as a mental competency hearing, considering the history of competency hearings in this state. The issue of determining the defendant’s competence to stand trial is a serious matter demanding focused attention by the trial court, so much so that, before our rules authorized the trial judge alone to make the determination of mental competence, the issue was determined in preliminary jury trials. In Williams v. State, 205 Miss. 515, 524-25, 39 So.2d 3, 4 (1949), this Court held that the trial of a mentally incompetent defendant is a due process violation, adjuring that “We urge upon the trial courts to obsérve this constitutional right of defendants,- with meticulous care, and submit to the jury, preliminarily, the issue of the defendant’s sanity in all cases where there is a probability that defendant is incapable of making a rational defense.” See also Jaquith v. Beckwith, 248 Miss. 491, 500, 157 So.2d 403, 407 (1963) (holding that the issue of mental competence is determined by a jury prior to trial). This Court’s adoption of rules directing the trial *48 judge to determine the defendant’s mental competence in no way diminished the requirement that the issue be -determined with meticulous care.
¶ 135. The majority also finds that no competency hearing was required because “the purposes of Rule 9.06 were satisfied.” In Hearn v. State, 3 So.3d 722, 730 (Miss. 2008), this Court found that the purposes of Rule 9.06 were satisfied because, although no competency hearing occurred, one of Hearn’s examining physicians had testified at trial about Hearn’s competency and was cross-examined by Hearn’s counsel. In those particular circumstances— very unlike those in the present case'—we held that the failure to hold a competency hearing after the trial court had ordered a mental evaluation was not-reversible error. Id. Hearn was decided before Sanders and, although it has not been overruled specifically, it has been distinguished in every subsequent case on this issue decided by this Court.
¶ 136. Prior to today’s decision, this Court treated Hearn as a narrow exception to the rule that Rule 9.06 mandates a competency- hearing after the court has ordered a mental competency evaluation. The facts of this case do not parallel those in Hearn. Hearn was evaluated for competency at the State Hospital pursuant to a court order and found competent. Hearn, 3 So.3d at 729. The physician who performed the evaluation testified at Hearn’s trial that Hearn was competent to stand trial, and the. doctor was subjected to cross-examination about his findings. Id. at 730. Thus, defense counsel was able, through cross-examination, to explore thoroughly the issue of Hearn’s mental competence before the trial court. Although the trial court made no competency determination, the Court held that “the purposes of Rule 9.06 were satisfied” under the circumstances. Id. Thus, Hearn stands for-the limited proposition that “the purposes of Rule 9.06 [are] satisfied” when the physician who performed the mental evaluation testifies at trial that the defendant was found competent and the physician is subjected to cross-examination.
¶ 137. In this case, nothing remotely similar occurred. As the majority recognizes, the examining psychologist, Dr. R.M. Storer, provided testimony at Evans’s sentencing hearing about some aspects of Evans’s mental competency evaluation. But Dr. Storer never testified that Evans had been found mentally competent to stand trial. And Dr. Storer did not testify at all during the guilt phase of the trial.' Unlike in Hearn, Evans had been tried and found guilty by the time Dr. Storer provided any testimony bearing upon his mental competence. A psychologist’s testimony at a sentencing trial, after guilt has been determined, falls woefully short of fulfilling the purposes of Rule 9.06, especially in light of the fact that the mental evaluation report was not admitted during any of the proceedings in this case.
¶ 138. When compared to our prior cases, rather than its paralleling Hearn, this case is most similar to Hollie. As in this case, the trial court in Hollie ordered a mental evaluation on motion of defense counsel. Hollie, 174 So.3d at 826. As in this case, the report of the mental evaluation was not admitted into evidence before the trial court.[18] Id. at 832. As in this case, no *49 mental competency hearing occurred, and the trial court never made an on-the-record determination that Hollie was mentally competent to stand trial. Id. at 826. And, as in this case, Hollie was convicted and sentenced to death without ever having had the issue of his mental competence determined on the record after a weighing of the relevant evidence. Id. But in Hollie, this Court deemed this omission to be reversible error. Id.
¶ 139. Finally, the denial of a competency hearing in this case is fraught with constitutional implications. “[W]hen the evidence raises sufficient doubt as to a defendant’s mental ability to stand trial, that defendant is deprived of due process of law when the trial court does not, on its own, conduct a separate competency hearing.” Sanders v. State, 9 So.3d at 1135 (citing Pate, 383 U.S. at 386, 86 S.Ct. 836). We have recognized the constitutional requirement that “trial courts are obligated to conduct a competency hearing, either on the defendant’s motion or sua sponte, if there is sufficient doubt about a defendant’s competence.” Sanders, 9 So.3d at 1135 (quoting House v. State, 754 So.2d 1147, 1151 (Miss. 1999) (citing Drope, 420 U.S. at 180, 95 S.Ct. 896)).
¶ 140. As the majority acknowledges, the trial court expressed concern about Evans’s mental health and mental competence to stand trial on several occasions during numerous pretrial hearings. Maj. Op. at ¶ 28. The majority bases much of its analysis oh the fact that the trial court had the opportunity to observe and interact with Evans during those hearings. But, as noted by the trial court, Evans’s conduct at the hearings provided cause for concern about his mental functioning. During the period before his mental evaluation, Evans filed motions to terminate his' counsel. Evans’s trial attorneys filed motions to withdraw from their representation of Evans. At one pretrial hearing, both Evans and his attorneys withdrew the motions, and Evans explained that his real complaint was inadequate medical care. Thus, Evans, facing the ultimate penalty of death, had been willing to gamble with his defense in order to secure what he perceived to be needed medical treatment.[19] Evans also had filed a flurry of rambling pro se motions complaining about deficient medical and mental health care at the jail. At one pretrial hearing, he represented that he had sued one of his physicians and claimed that this doctor, in retaliation, had withheld treatment. His attorneys informed the trial court that Evans had been taking antipsychotic drugs prior to incarceration and that he needed a referral to a physician to prescribe those drugs. After that hearing, the trial court ordered that Evans receive a full medical evaluation at the jail to determine his physical and mental status and so that any necessary drugs, including antipsychotic drugs, could be prescribed. Certainly,. the record established doubt about Evans’s mental competence, doubt that should have been resolved by a competency hearing and an on-the-record adjudication of Evans’s competency to stand trial, or lack thereof.
¶ 141. The majority finds that “the trial court was assiduously vigilant to ensure Evans’s' competence to stand trial was protected.” Maj. Op. at ¶ 33. With respect, I submit that a minimally vigilant effort to *50 protect Evans’s right not to be tried while incompetent would have included what our rules prescribe when a mental evaluation for competency has been ordered: a competency hearing followed by an on-the-record adjudication respecting mental competence. See URCCC 9.06. The application of our heightened scrutiny standard of review for death penalty appeals, in which all doubts are resolved in favor of the accused, demands no less. See Moffett v. State, 49 So.3d 1073, 1079 (Miss. 2010) (quoting Loden v. State, 971 So.2d 548, 562 (Miss. 2007)). I would hold that, because the trial court had reasonable ground to believe Evans was mentally incompetent to stand trial, as demonstrated by its order for a mental evaluation to determine mental competence, the trial court was required to hold a competency hearing under Rule 9.06, weigh the evidence, and determine whether Evans was, in fact, mentally competent to stand trial. URCCC 9.06. Because no competency hearing and adjudication of mental competence occurred, in accordance with Hollie, Smith, Beasley, Coleman, Jay, and Sanders, I would reverse Evans’s conviction and remand for a mental competency hearing to be followed by a new trial if Evans is found competent, or commitment of Evans to the Mississippi State Hospital or other appropriate mental health facility if he is found incompetent. See Hollie, 174 So.3d at 834.

B. The trial court erred by improperly and prejudicially limiting defense voir dire.

¶ 142. This Court reviews the trial court’s ruling limiting defense voir dire for abuse of discretion. Harris v. State, 532 So.2d 602, 607 (Miss. 1988). This Court has “held that counsel must have latitude in searching the minds and consciences of jurors in order to be able to exercise their peremptory challenges intelligently.” Odom v. State, 355 So.2d 1381, 1383 (Miss. 1978); see also Miss. Code Ann. § 13-5-69 (Rev. 2012). But parties may not request pledges or promises from the venire or ask hypothetical questions requesting that the venire members return a certain verdict. Harris, 532 So.2d at 605-07; URCCC 3.05. Nonetheless, it is permissible for counsel to inquire of prospective jurors about their attitudes toward specific facts. Davis v. State, 684 So.2d 643, 651 (Miss. 1996) (this Court held that the prosecutor permissibly “questioned whether the venire could return a death penalty given certain facts, specifically, that the victim was killed by a friend, that Davis had no prior felony convictions, and that Davis was charged with one murder”).
¶ 143. During voir dire examination, Evans’s counsel asked whether any prospective jurors had “prior contact” with alcohol abuse themselves, or through family members. After twenty-four venire persons raised their hands, defense counsel asked whether anyone’s ability to serve would be affected if evidence of alcohol use were involved in the case. All responded “no.” Then, defense counsel asked whether any venire member would have a problem considering alcohol use as a mitigating circumstance in determining whether to impose either a death sentence or life without the possibility of parole, and also asked if the venire members could “use or consider an alcohol problem as a mitigating circumstance.” After the State objected on the ground that the defense improperly had asked the venire for a commitment, defense counsel rephrased the question and asked, “[i]f you can raise your hand if anyone could not use that as a mitigating circumstance[ ].” The trial court sustained the State’s objection to that question on the same ground.
¶ 144. Evans points to the fact that both his guilt phase and penalty phase defense theories were premised on his lifelong his *51 tory of alcohol abuse. He contends that the trial court improperly foreclosed his counsel’s questioning of the venire to ascertain whether any venire members would not be able to consider alcohol abuse as mitigating, prejudicing his defense.
¶ 145.1 agree with the majority’s finding that the trial court properly sustained the State’s objection to Evans’s asking “can everyone use or consider an alcohol problem as a mitigating circumstance.” That question ran afoul of the rule barring defense counsel from asking venire members to pledge to consider certain evidence as mitigating, especially in light of counsel’s inclusion of the verb “use” in his question. But when Evans rephrased the question, he asked whether any individual venire member could not use an alcohol problem as mitigating. Specifically, he asked “[i]f you can raise your hand if anyone could not use that as a mitigating circumstance[].” With this question, Evans was inquiring whether any member of the veni-re, if the evidence showed an alcohol problem, would be unable or unwilling to use such evidence as mitigating.
¶ 146. The majority finds that this question sought to elicit a pledge from the venire. However, the question fell short of asking the venire to pledge to use evidence of an alcohol problem as a mitigating circumstance. Defense counsel simply asked if any venire member could not use such evidence as mitigating. And defense counsel was entitled to know whether any veni-re member would be unable to use certain evidence as mitigating. In a death penalty case, under the Eighth Amendment, the sentencer must be permitted to “consider and give effect” to the defendant’s presentation of mitigating evidence. Penry v. Lynaugh, 492 U.S. 302, 319, 109 S.Ct. 2934, 106 L.Ed. 2d 256 (1989), overruled on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed. 2d 335 (2002). “[T]he sentence imposed at the penalty stage should reflect a reasoned moral response to the defendant’s background, character, and crime.” Id.[20] It was perfectly appropriate for defense counsel to inquire whether any venire member would be unable to use, or “give effect,” to Evans’s presentation of his mitigating evidence of alcohol abuse.
¶ 147. I would hold that the trial court abused its discretion by sustaining the State’s objection to Evans’s question. And the improper limitation of defense voir dire prejudiced Evans because he was barred from identifying jurors unfavorably inclined to give effect to his primary mitigating evidence. I believe that this error demands a new trial.

C. The trial court committed reversible error by seating an alternate juror in the sentencing phase.

¶ 148. After the guilt phase deliberations had concluded and the guilty verdict returned, the trial court excused one of the jurors due to a family emergency. The trial court replaced the juror with an alternate who had sat with the jurors throughout the trial but had not participated in guilt phase deliberations. This juror participated in the sentencing phase deliberations that resulted in the imposition of the death penalty. Evans argues that the seating of the alternate juror violated Mississippi’s capital sentencing scheme. I agree.
¶ 149. Our statutory capital sentencing scheme provides that:
*52 (1) Upon conviction or adjudication- of ■guilt of a defendant of capital murder or other capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant should -be sentenced to death, life imprisonment without eligibility for parole, or life imprisonment. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. If, through impossibility or inability, .the trial jury is unable to reconvene for. a hearing on the issue of penalty, having determined the guilt of the accused, the trial judge may summon a jury to determine the issue of the imposition of the penalty.
Miss. Code Ann. § 99-19-101(1) (Rev. 2015). The seating of alternate jurors' is governed by Mississippi Code Section 13-5-67, which provides that “[alternate jurors in the order in which they are called shall replace jurors who, prior to the tiine the jury retires to consider its verdict, become unable or disqualified to perform then- duties .... An alternate juror who does not replace a regular juror shall be discharged at the time the .jury retires to consider its verdict.” Miss. Code Ann. § 13-5-67 (Rev. 2012). The substitution of an alternate juror must be accomplished before the jury retires for deliberations, and it is improper, to substitute an alternate juror during deliberations, Balfour v. State, 598 So.2d 731, 753-54 (Miss. 1992).
¶ 150. In this case, the substitution of an alternate juror, occurred after the completion of guilt phase deliberations, but before the commencement of sentencing phase deliberations. Thus, the newly seated alter-: nate juror lacked the benefit of having participated in the guilt phase deliberations, a characteristic shared by the other eleven sentencing phase jurors. Our capital sentencing statute clearly provides that “[i]f, through impossibility or inability, the trial jury is unable to reconvene for a hearing on the issue of penalty, having determined the guilt of the accused, the trial judge may summon a jury to determine the issue of the imposition of the penalty.” Miss. Code Ann; § 99-19-101(1) (Rev. 2015). When -the trial court, after guilt phase deliberations, excused one juror due'to a family emergency, that ruling resulted in the inability of the jury that had convicted Evans of capital murder to reconvene for the sentencing phase. In those circumstances, Section 99-19-101 left the trial court no choice but to summon another jury to determine the penalty. Miss. Code Ann. § 99-19-101(1) (Rev. 2015). The trial court’s seating of an alternate juror for the sentencing phase who had not-participated in guilt phase deliberations with the other- eleven jurors, tainted the sentencing phase jury -and violated Section 99-19-401. And the trial court’s failure to adhere to the clear -edict of Section 99-19-101 violated Evans’s rights to due process of law under -the state and federal constitutions. U.S, Const, amend. XIV; Miss. Const, art. 3, § 14. This error requires that Evans’s -death sentence be vacated.

D, Conclusion

¶ 151. T vehemently disagree with this Court’s decision to dispense with our precedent that - carefully safeguards the requirement of Rule 9.06 of the Uniform Rules of Circuit and County Court Practice that, once-the trial court has ordered a mental evaluation, a competency hearing and competency determination are mandatory. This Court affirms Evans’s sentence to suffer death, the ultimate penalty, in the absence of any fully informed, focused inquiry into the question of his mental' competence. I would reverse and remand for a new trial due to the trial court’s failure to hold a competency hearing, followed by an on-the-record determination of mental *53 competence, as required by Rule 9.06. Further, I would find that reversible error occurred when the trial court improperly and prejudicially limited defense voir dire. Additionally, I would hold that the seating of an alternate juror in the sentencing phase, who had not participated in guilt phase deliberations, violated Section 99-19-101, requiring vacation of the death sentence.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.
APPENDIX
DEATH CASES AFFIRMED BY THIS COURT
James Cobb Hutto III v. State, 2014-DP-00177-SCT, 227 So.3d 963, 2017 WL 2001157 (Miss. May 11, 2017).
David Cox v. State, 183 So.3d 36 (Miss. 2015).
David Dickerson v. State, 175 So.3d 8 (Miss. 2015).
Timothy Robert Ronk v. State, 172 So.3d 1112 (Miss. 2015).
Curtis Giovanni Flowers v. State, 158 So.3d 1009 (Miss. 2014). *following remand.
Caleb Corrothers v. State, 148 So.3d 278 (Miss. 2014), leave to seek PCR granted in part and denied in part — So.3d -, 2017 WL 452912 (Feb. 2, 2017), rehearing denied (May 11, 2017).
Jason Lee Keller v. State, 138 So.3d 817 (Miss. 2014).
Leslie Galloway III v. State, 122 So.3d 614 (Miss. 2013).
Bobby Batiste v. State, 121 So 3d 808 (Miss. 2013), granted leave to seek PCR 184 So.3d 290 (2016).
Roger Lee Gillett v. State, 56 So.3d 469 (Miss. 2010).
Moffett v. State, 49 So.3d 1073 (Miss. 2010).
Pitchford v. State, 45 So.3d 216 (Miss. 2010).
Goff v. State, 14 So.3d 625 (Miss. 2009).
Wilson v. State, 21 So.3d 572 (Miss. 2009).
Chamberlin v. State, 989 So.2d 320 (Miss. 2008).
Loden v. State, 971 So.2d 548 (Miss. 2007).
King v. State, 960 So.2d 413 (Miss. 2007).
Bennett v. State, 933 So.2d 930 (Miss. 2006).
Havard v. State, 928 So.2d 771 (Miss. 2006).
Spicer v. State, 921 So.2d 292 (Miss. 2006).
Hodges v. State, 912 So.2d 730 (Miss. 2005).
Walker v. State, 913 So.2d 198 (Miss. 2005).
Le v. State, 913 So.2d 913 (Miss. 2005), granted leave to seek second PCR, 2013-DR-00327-SCT (Feb. 23, 2016).
Brown v. State, 890 So.2d 901 (Miss. 2004).
Powers v. State, 883 So.2d 20 (Miss. 2004)
Branch v. State, 882 So.2d 36 (Miss. 2004).
Scott v. State, 878 So.2d 933 (Miss. 2004).
Lynch v. State, 877 So.2d 1254 (Miss. 2004).
Dycus v. State, 875 So.2d 140 (Miss. 2004).
Byrom v. State, 863 So.2d 836 (Miss. 2003).
*54 Howell v. State, 860 So.2d 704 (Miss. 2003).
Howard v. State, 853 So.2d 781 (Miss. 2003).
Walker v. State, 815 So.2d 1209 (Miss. 2002). *following remand.
Bishop v. State, 812 So.2d 934 (Miss. 2002).
Stevens v. State, 806 So.2d 1031 (Miss. 2002).
Grayson v. State, 806 So.2d 241 (Miss. 2002).
Knox v. State, 805 So.2d 527 (Miss. 2002).
Simmons v. State, 805 So.2d 452 (Miss. 2002).
Berry v. State, 802 So.2d 1033 (Miss. 2001).
Snow v. State, 800 So.2d 472 (Miss. 2001).
Mitchell v. State, 792 So.2d 192 (Miss. 2001).
Puckett v. State, 788 So.2d 752 (Miss. 2001). * following remand.
Goodin v. State, 787 So.2d 639 (Miss. 2001).
Jordan v. State, 786 So.2d 987 (Miss. 2001).
Manning v. State, 765 So.2d 516 (Miss. 2000). * following remand.
Eskridge v. State, 765 So.2d 508 (Miss. 2000).
McGilberry v. State, 741 So.2d 894 (Miss. 1999).
Puckett v. State, 737 So.2d 322 (Miss. 1999). *remanded for Batson hearing.
Manning v. State, 735 So.2d 323 (Miss. 1999). *remanded for Batson hearing.
Hughes v. State, 735 So.2d 238 (Miss. 1999).
Turner v. State, 732 So.2d 937 (Miss. 1999).
Smith v. State, 729 So.2d 1191 (Miss. 1998).
Burns v. State, 729 So.2d 203 (Miss. 1998).
Jordan v. State, 728 So.2d 1088 (Miss. 1998).
Gray v. State, 728 So.2d 36 (Miss. 1998).
Manning v. State, 726 So.2d 1152 (Miss. 1998).
Woodward v. State, 726 So.2d 524 (Miss. 1997).
Bell v. State, 725 So.2d 836 (Miss. 1998), post-conviction relief granted in part and denied in part, 66 So.3d 90 (Miss. 2011).
Evans v. State, 725 So.2d 613 (Miss. 1997).
Brewer v. State, 725 So.2d 106 (Miss. 1998).
Crawford v. State, 716 So.2d 1028 (Miss. 1998).
Doss v. State, 709 So.2d 369 (Miss. 1996).
Underwood v. State, 708 So.2d 18 (Miss. 1998).
Holland v. State, 705 So.2d 307 (Miss. 1997).
Wells v. State, 698 So.2d 497 (Miss. 1997).
Wilcher v. State, 697 So.2d 1087 (Miss. 1997).
Wiley v. State, 691 So.2d 959 (Miss. 1997).
Brown v. State, 690 So.2d 276 (Miss. 1996).
Simon v. State, 688 So.2d 791 (Miss. 1997).
Jackson v. State, 684 So.2d 1213 (Miss. 1996).
Williams v. State, 684 So.2d 1179 (Miss. 1996).
*55 Davis v. State, 684 So.2d 643 (Miss. 1996).
Taylor v. State, 682 So.2d 359 (Miss. 1996).
Brown v. State, 682 So.2d 340 (Miss. 1996).
Blue v. State, 674 So.2d 1184 (Miss. 1996).
Holly v. State, 671 So.2d 32 (Miss. 1996).
Walker v. State, 671 So.2d 581 (Miss. 1995).
Russell v. State, 670 So.2d 816 (Miss. 1995).
Ballenger v. State, 667 So.2d 1242 (Miss. 1995).
Davis v. State, 660 So.2d 1228 (Miss. 1995).
Carr v. State, 655 So.2d 824 (Miss. 1995).
Mack v. State, 650 So.2d 1289 (Miss. 1994).
Chase v. State, 645 So.2d 829 (Miss. 1994).
Foster v. State, 639 So.2d 1263 (Miss. 1994).
Conner v. State, 632 So.2d 1239 (Miss. 1993).
Hansen v. State, 592 So.2d 114 (Miss. 1991).
*Shell v. State, 554 So.2d 887 (Miss. 1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State, 595 So.2d 1323 (Miss. 1992) remanding for new sentencing hearing.
Davis v. State, 551 So.2d 165 (Miss. 1989).
Minnick v. State, 551 So.2d 77 (Miss. 1989).
*Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss. 1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss. 1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss. 1992) remanding for new sentencing hearing.
Woodward v. State, 533 So.2d 418 (Miss. 1988).
Nixon v. State, 533 So.2d 1078 (Miss. 1987).
Cole v. State, 525 So.2d 365 (Miss. 1987).
Lockett v. State, 517 So.2d 1346 (Miss. 1987).
Lockett v. State, 517 So.2d 1317 (Miss. 1987).
Faraga v. State, 514 So.2d 295 (Miss. 1987).
*Jones v. State, 517 So.2d 1295 (Miss. 1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss. 1992) remanding for new sentencing hearing.
Wiley v. State, 484 So.2d 339 (Miss. 1986).
Johnson v. State, 477 So.2d 196 (Miss. 1985).
Gray v. State, 472 So.2d 409 (Miss. 1985).
Cabello v. State, 471 So.2d 332 (Miss. 1985).
Jordan v. State, 464 So.2d 475 (Miss. 1985).
*56 Wilcher v. State, 455 So.2d 727 (Miss. 1984).
Billiot v. State, 454 So.2d 445 (Miss. 1984).
Stringer v. State, 454 So.2d 468 (Miss. 1984).
Dufour v. State, 453 So.2d 337 (Miss. 1984).
Neal v. State, 451 So.2d 743 (Miss. 1984).
Booker v. State, 449 So.2d 209 (Miss. 1984).
Wilcher v. State, 448 So.2d 927 (Miss. 1984).
Caldwell v. State, 443 So.2d 806 (Miss. 1983).
Irving v. State, 441 So.2d 846 (Miss. 1983).
Tokman v. State, 435 So.2d 664 (Miss. 1983).
Leatherwood v. State, 435 So.2d 645 (Miss. 1983).
Hill v. State, 432 So.2d 427 (Miss. 1983).
Pruett v. State, 431 So.2d 1101 (Miss. 1983).
Gilliard v. State, 428 So.2d 576 (Miss. 1983).
Evans v. State, 422 So.2d 737 (Miss. 1982).
King v. State, 421 So.2d 1009 (Miss. 1982).
Wheat v. State, 420 So.2d 229 (Miss. 1982).
Smith v. State, 419 So.2d 563 (Miss. 1982).
Johnson v. State, 416 So.2d 383 (Miss. 1982).
Edwards v. State, 413 So.2d 1007 (Miss. 1982).
Bullock v. State, 391 So.2d 601 (Miss. 1980).
Reddix v. State, 381 So.2d 999 (Miss. 1980).
Jones v. State, 381 So.2d 983 (Miss. 1980).
Culberson v. State, 379 So.2d 499 (Miss. 1979).
Gray v. State, 375 So.2d 994 (Miss. 1979).
Jordan v. State, 365 So.2d 1198 (Miss. 1978).
Voyles v. State, 362 So.2d 1236 (Miss. 1978).
Irving v. State, 361 So.2d 1360 (Miss. 1978).
Washington v. State, 361 So.2d 61 (Miss. 1978).
Bell v. State, 360 So.2d 1206 (Miss. 1978).
DEATH CASES REVERSED AS TO GUILT PHASE AND SENTENCING PHASE
Erik Wayne Hollie v. State, 174 So.3d 824 (Miss. 2015).
Manning v. State, 158 So.3d 302 (Miss. 2015) (reversing denial of post-conviction relief).
Byrom v. State, 2014-DR-00230-SCT (April 3, 2014) (order).
Ross v. State, 954 So.2d 968 (Miss. 2007).
Flowers v. State, 947 So.2d 910 (Miss. 2007).
Flowers v. State, 842 So.2d 531 (Miss. 2003).
Randall v. State, 806 So.2d 185 (Miss. 2002).
Flowers v. State, 773 So.2d 309 (Miss. 2000).
*57 Edwards v. State, 737 So.2d 275 (Miss. 1999).
Smith v. State, 733 So.2d 793 (Miss. 1999).
Porter v. State, 732 So.2d 899 (Miss. 1999).
Kolberg v. State, 704 So.2d 1307 (Miss. 1997).
Snelson v. State, 704 So.2d 452 (Miss. 1997).
Fuselier v. State, 702 So.2d 388 (Miss. 1997).
Howard v. State, 701 So.2d 274 (Miss. 1997).
Lester v. State, 692 So.2d 755 (Miss. 1997).
Hunter v. State, 684 So.2d 625 (Miss. 1996).
Lanier v. State, 684 So.2d 93 (Miss. 1996).
Giles v. State, 650 So.2d 846 (Miss. 1995).
Duplantis v. State, 644 So.2d 1235 (Miss. 1994).
Harrison v. State, 635 So.2d 894 (Miss. 1994).
Butler v. State, 608 So.2d 314 (Miss. 1992).
Jenkins v. State, 607 So.2d 1171 (Miss. 1992).
Abram v. State, 606 So.2d 1015 (Miss. 1992).
Balfour v. State, 598 So.2d 731 (Miss. 1992).
Griffin v. State, 557 So.2d 542 (Miss. 1990).
Bevill v. State, 556 So.2d 699 (Miss. 1990).
West v. State, 553 So.2d 8 (Miss. 1989).
Leatherwood v. State, 548 So.2d 389 (Miss. 1989).
Mease v. State, 539 So.2d 1324 (Miss. 1989).
Houston v. State, 531 So.2d 598 (Miss. 1988).
West v. State, 519 So.2d 418 (Miss. 1988).
Davis v. State, 512 So.2d 1291 (Miss. 1987).
Williamson v. State, 512 So.2d 868 (Miss. 1987).
Foster v. State, 508 So.2d 1111 (Miss. 1987).
Smith v. State, 499 So.2d 750 (Miss. 1986).
West v. State, 485 So.2d 681 (Miss. 1985).
Fisher v. State, 481 So.2d 203 (Miss. 1985).
Johnson v. State, 476 So.2d 1195 (Miss. 1985).
Fuselier v. State, 468 So.2d 45 (Miss. 1985).
West v. State, 463 So.2d 1048 (Miss. 1985).
Jones v. State, 461 So.2d 686 (Miss. 1984).
Moffett v. State, 456 So.2d 714 (Miss. 1984).
Lanier v. State, 450 So.2d 69 (Miss. 1984).
Laney v. State, 421 So.2d 1216 (Miss. 1982).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR RESENTENCING TO LIFE IMPRISONMENT
Bell v. State, 160 So.3d 188 (Miss. 2015).
*58 Reddix v. State, 547 So.2d 792 (Miss. 1989).
Wheeler v. State, 536 So.2d 1341 (Miss. 1988).
White v. State, 532 So.2d 1207 (Miss. 1988).
Bullock v. State, 525 So.2d 764 (Miss. 1987).
Edwards v. State, 441 So.2d 84 (Miss. 1983).
Dycus v. State, 440 So.2d 246 (Miss. 1983).
Coleman v. State, 378 So.2d 640 (Miss. 1979).
DEATH CASES REVERSED AS TO PUNISHMENT AND REMANDED FOR A NEW TRIAL ON SENTENCING PHASE ONLY
Fulgham v. State, 46 So.3d 315 (Miss. 2010).
Rubenstein v. State, 941 So.2d 735 (Miss. 2006).
King v. State, 784 So.2d 884 (Miss. 2001).
Walker v. State, 740 So.2d 873 (Miss. 1999).
Watts v. State, 733 So.2d 214 (Miss. 1999).
West v. State, 725 So.2d 872 (Miss. 1998).
Smith v. State, 724 So.2d 280 (Miss. 1998).
Berry v. State, 703 So.2d 269 (Miss. 1997).
Booker v. State, 699 So.2d 132 (Miss. 1997).
Taylor v. State, 672 So.2d 1246 (Miss. 1996).
* Shell v. State, 554 So.2d 887 (Miss. 1989); Shell v. Mississippi, 498 U.S. 1, 111 S.Ct. 313, 112 L.Ed.2d 1 (1990) reversing, in part, and remanding; Shell v. State 595 So.2d 1323 (Miss. 1992) remanding for new sentencing hearing.
*Pinkney v. State, 538 So.2d 329 (Miss. 1989); Pinkney v. Mississippi, 494 U.S. 1075, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990) vacating and remanding; Pinkney v. State, 602 So.2d 1177 (Miss. 1992) remanding for new sentencing hearing.
*Clemons v. State, 535 So.2d 1354 (Miss. 1988); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) vacating and remanding; Clemons v. State, 593 So.2d 1004 (Miss. 1992) remanding for new sentencing hearing.
*Jones v. State, 517 So.2d 1295 (Miss. 1987); Jones v. Mississippi, 487 U.S. 1230, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) vacating and remanding; Jones v. State, 602 So.2d 1170 (Miss. 1992) remanding for new sentencing hearing.
Russell v. State, 607 So.2d 1107 (Miss. 1992).
Holland v. State, 587 So.2d 848 (Miss. 1991).
Willie v. State, 585 So.2d 660 (Miss. 1991).
Ladner v. State, 584 So.2d 743 (Miss. 1991).
Mackbee v. State, 575 So.2d 16 (Miss. 1990).
Berry v. State, 575 So.2d 1 (Miss. 1990).
Turner v. State, 573 So.2d 657 (Miss. 1990).
State v. Tokman, 564 So.2d 1339 (Miss. 1990).
Johnson v. State, 547 So.2d 59 (Miss. 1989).
Williams v. State, 544 So.2d 782 (Miss. 1989); sentence aff'd, 684 So.2d 1179 (1996).
Lanier v. State, 533 So.2d 473 (Miss. 1988).
*59 Stringer v. State, 500 So.2d 928 (Miss. 1986).
Pinkton v. State, 481 So.2d 306 (Miss. 1985).
Mhoon v. State, 464 So.2d 77 (Miss. 1985).
Cannaday v. State, 455 So.2d 713 (Miss. 1984).
Wiley v. State, 449 So.2d 756 (Miss. 1984); resentencing affirmed, Wiley v. State, 484 So.2d 339 (Miss. 1986); cert. denied, Wiley v. Mississippi, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); resentencing ordered, Wiley v. State, 635 So.2d 802 (Miss. 1993) following writ of habeas corpus issued pursuant to Wiley v. Puckett, 969 F.2d 86, 105-106 (5th Cir. 1992); resentencing affirmed.
Williams v. State, 445 So.2d 798 (Miss. 1984). *Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.

. The requirement of Rule 9.06 that a mental competency hearing take place after the trial court orders a mental evaluation does not place defense counsel in the position of committing an ethics violation, as suggested by Justice Coleman. The rule does not mandate that defense counsel withhold the results of the mental evaluation from the trial court. In this case, after the trial court inquired about the status of the mental evaluation, defense counsel should have requested the competency hearing and competency determination required by the rule.

. Unlike in this case, the report of Hollie’s mental evaluation finding him competent was included in the appellate record. But this Court held that appellate review of a mental evaluation report is no substitute for a competency hearing because, while a report of a mental evaluation “is 'some .evidence of [a defendant’s] ability to assist in his defense,’ ... alone it is not dispositive of the issue.” Hollie, 174 So.3d at 832 (quoting Pate, 383 U.S. at 386, 86 S.Ct. 836). Of course, in this case, the report of the mental evaluation of *49 Evans was not included in the appellate record.

. In this Court, Evans also filed a pro se motion for termination of appellate counsel, complaining that, due to racial bias, employees of the Mississippi Department of Corrections had denied him .medical care and caused him to suffer poor living conditions. On November 18, 2016, this Court denied the motion.

. Although Penry involved jury instructions worded to prevent jurors from giving effect to the defendant's mitigating evidence, it indicates that barring defense counsel from identifying potential jurors who would refuse to consider the defendant’s mitigating evidence as such has constitutional implications.

 Case was originally affirmed in this Court but on remand from U. S. Supreme Court, case was remanded by this Court for a new sentencing hearing.